Demario L. BANKS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82S00–9912–CR–710.

Supreme Court of Indiana.

Jan. 24, 2002.

Verdelski V. Miller, Evansville, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorney for Appellee.

RUCKER, Justice.

A jury convicted Demario Banks of murder, felony murder, and robbery in the shooting death of Jakiya McKnight. In this direct appeal, Banks raises four issues for our review which we consolidate and rephrase as: (1) did the trial court err in denying Banks' motion for mistrial; (2) did the trial court err in excluding evidence of a witness' prior conviction; and (3) did the trial court err by allowing hearsay testimony into evidence. Finding no error, we affirm.

### Facts

The facts most favorable to the verdict show that Banks and James Morris decid-

ed to rob known drug dealer McKnight. In the early morning hours of December 20, 1998, they went to McKnight's home and engaged him in a brief conversation. Suddenly producing a 9mm handgun, Banks told McKnight to lie on the floor and demanded to know where he kept his drugs and money. In the meantime, Morris proceeded to ransack the house finding a large quantity of cocaine and between five and eight thousand dollars in cash. While conducting his search, Morris heard a gun shot. Banks later told Morris that he had accidentally shot McKnight. The two removed jewelry from McKnight's body and fled the scene with jewelry, money, and drugs. A later autopsy revealed McKnight died as a result of a gunshot wound to the chest.

Banks was subsequently arrested and charged with murder, robbery, and felony murder. After a trial by jury, he was convicted as charged. The trial court did not enter a judgment of conviction on the murder and robbery convictions. Finding they merged into the conviction for felony murder, the trial court entered judgment and sentenced Banks on that conviction only to a term of sixty years. This appeal followed. Additional facts are set forth below where relevant.

### Discussion

### I.

■ Banks first contends the trial court erred in denying his motion for mistrial.

The facts are these. At the time he committed the instant offenses, Banks was on bond for an unrelated carjacking charge. At trial, the State called Morris to the stand.[1] After a series of questions and answers, the following exchanged occurred:

[Prosecutor:] So you, Vonda and [Demario are discussing hitting a lick or going to rob Jakiya, is that right?

[Morris:] Yes.

[Prosecutor:] Tell me what everybody said during that discussion.

[Morris:] Basically we was just talking about hitting a lick so we could pay Demario's lawyer [ ] to get him six do three on his carjacking case.

R. at 421. At that point, Banks objected and requested to be heard outside the presence of the jury. The jury was excused, and Banks moved for mistrial on the grounds that the testimony concerning his alleged bad act was "highly prejudicial, [and] there's no way I can cure it...." R. at 422. The trial court denied the motion. However, upon Banks' request, the trial court admonished the jury to disregard the witness' response. R. at 425–26.[2] In this appeal, Banks contends the trial court erred in denying his motion for mistrial because the testimony violated the trial court's grant of his earlier motion in limine.

■ We first observe that predicating error on the admission of evidence that

---

1. Morris also was charged with murder, felony murder, and robbery. His trial was scheduled to begin within a week to ten days after Banks' trial concluded. R. at 411.

2. Specifically, the trial court said:
   Ladies and gentlemen of the jury, you are admonished to disregard the last testimony of this witness with regard to any other charges the defendant may have now, or may have ever had for any criminal acts ...

not related to this case. You must not allow this matter, these statements to influence your decision in this case. You must not discuss or mention this matter in your discussions with one another. You must base your verdict solely upon the ... proper evidence in this case, and the final instructions to the Court as to the law in this case.
   R. at 425–26.

had been excluded preliminarily by an order in limine presents nothing for review. Rather, if the trial court errs by admitting evidence, the exclusion of which was sought by a motion in limine, then the error is in admitting the evidence in violation of an evidentiary rule, not in rescinding a previous order in limine. *Francis v.State*, 758 N.E.2d, 528, 533(Ind.2001). In this case, we interpret Banks' argument on appeal as a claim that the trial court erred in denying his motion for mistrial because the testimony concerning his alleged prior bad act was inadmissible under Indiana Evidence Rule 404(b).

■ A mistrial is an extreme remedy that is warranted only when less severe remedies will not satisfactorily correct the error. *Warren v. State*, 725 N.E.2d 828, 833 (Ind.2000). "A timely and accurate admonition is presumed to cure any error in the admission of evidence." *Heavrin v. State*, 675 N.E.2d 1075, 1084 (Ind.1996) (quotation omitted). In this case, at Banks' request, the trial court admonished the jury to disregard the witness' remark concerning Banks' unrelated criminal act. Banks does not explain why the trial court's admonishment did not suffice in this case. Indeed, in his brief to this Court, he fails to mention the admonishment at all. We conclude Banks is entitled to no relief on this issue. The trial court properly denied his motion for mistrial.

## II.

■ Banks next complains the trial court erred in denying him the opportunity to introduce details of Morris' prior conviction. The facts supporting this allegation of error show that during cross-examination, Banks established that Morris had once been convicted of robbery. He then proceeded to question Morris about the details of the conviction. The State objected, and after argument outside the pres-

ence of the jury, the trial court sustained the objection. According to Banks he should have been allowed to pursue this line of questioning to show that Morris had a propensity of recruiting others to assist him in committing crimes. Banks cites no authority for this proposition, and our own research reveals none. Rather, although a witness may be cross-examined about prior criminal convictions for certain "infamous crimes" and crimes involving dishonesty or false statement, Ind. Evidence Rule 609(a), the witness may be questioned only about whether he or she had been convicted of a particular crime. *Hobbs v. State*, 548 N.E.2d 164, 168 (Ind.1990). Generally, the details may not be explored. *Id.* We find no error here.

## III.

■ For his last allegation of error, Banks complains the trial court improperly allowed inadmissible hearsay into evidence. The facts in support of this allegation show that during the cross-examination of Morris, counsel for Banks introduced into evidence two letters Morris had sent Banks while both were in custody awaiting trial. R. at 502, 506. Counsel questioned Morris extensively about the contents of the letters and the meaning and context of certain words and phrases. On redirect examination by the State, Morris testified that the letters he sent Banks were in response to letters that Banks had written him. By the time of trial, those letters had been thrown away. When asked by the State what Banks had said in those discarded writings, counsel objected on grounds of hearsay and improper foundation. R. at 523–26. The trial court overruled the objection, and Morris continued as follows: "He was asking me about why I made a statement against, that uh, you know, it wasn't right to make a statement

against him basically only just that." R. at 527.[3]

Banks' argument that Morris' testimony was inadmissible as hearsay is incorrect. A party's own statement offered against that party is not hearsay. Evid.R. 801(d)(2); *see also Jones v. State*, 510 N.E.2d 1352, 1353 (Ind.1987) (referring to the admission of a party opponent as an exception to the hearsay rule). The trial court did not err by allowing the testimony into evidence.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.

---

**3.** The record shows that after his arrest, Morris gave a statement to police implicating

Banks. R. at 454–56.