**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 20 2012, 8:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**JOEL M. SCHUMM**
**TED R. BATSON, JR.**, Certified Legal Intern
Appellate Clinic
Indiana University Robert H. McKinney
School of Law
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANN L. GOODWIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MIKEIA LEWIS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1103-CR-267 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Rebekah F. Pierson-Treacy, Judge
The Honorable David M. Hooper, Master Commissioner
Cause No. 49F19-1011-CM-89611

**JANUARY 20, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Defendant-Appellant Mikeia Lewis appeals her conviction of criminal conversion, a Class A misdemeanor. Ind. Code § 35-43-4-3 (2005). We affirm.

## ISSUES

Lewis raises two issues, which we restate as:

I.      Whether the prosecutor engaged in misconduct that deprived Lewis of a fair trial.

II.     Whether the trial court abused its discretion in the course of instructing the jury.

## FACTS AND PROCEDURAL HISTORY

On the evening of November 29, 2010, Vincent Miller was working at a Walgreens store in Marion County when he saw a person later identified as Lewis enter the store. She came in with Patricia Germany and a child. Miller was suspicious of Lewis and Germany and told his supervisor, Denine Magwood, about them. Miller and Magwood observed Lewis and Germany as they walked through the store, and they saw Lewis put a package of toothpaste into her purse. Magwood called the police. Next, Magwood asked Lewis to return any items in her purse. Lewis and Germany walked out with the child, got into a white Ford Taurus, and drove away quickly. Magwood remained on the phone and described the car to the police.

Officer Shane Bolander was on patrol when dispatch notified him of a shoplifting at Walgreens and advised him to look for a white Ford Taurus. As he drove toward Walgreens, Bolander saw the Taurus drive by him one mile from the store. Bolander

turned to follow the Taurus and saw that it had stopped. When Bolander parked behind the car, Lewis and Germany were standing nearby, and he detained them. Meanwhile, another officer had come to the Walgreens, and upon hearing that Bolander had stopped a Taurus, the officer and Miller drove to the site of the stop. Miller identified Lewis as one of the shoplifters. Furthermore, an officer searched the Taurus and found items that Miller said were available at Walgreens. Miller returned to the store, where he scanned the items' UPC codes. Several of the items, including a package of toothpaste, a package of cookies, and a box of storage bags, matched the UPC codes of similar items in the store.

The State charged Lewis with conversion. A jury determined that Lewis was guilty as charged, and the trial court sentenced her accordingly. This appeal followed.

DISCUSSION AND DECISION

I. PROSECUTORIAL MISCONDUCT

When addressing a claim of prosecutorial misconduct on appeal, the court first determines whether misconduct occurred, and, if so, whether it had a probable persuasive effect on the jury. *Ritchie v. State*, 809 N.E.2d 258, 268 (Ind. 2004). The determination of whether a prosecutor engaged in misconduct is made by reference to the case law and the disciplinary rules of the Code of Professional Responsibility as adopted in this state. *Bassett v. State*, 895 N.E.2d 1201, 1208 (Ind. 2008). A mistrial is an extreme remedy granted only when no other method can be expected to rectify the situation. *Booher v. State*, 773 N.E.2d 814, 820 (Ind. 2002).

3

In the current case, prior to trial Lewis filed a motion in limine asking the trial court to bar any reference to Germany in the trial testimony. During a court conference prior to jury selection, the State informed the court and Lewis that it did not intend to discuss Lewis and Germany's history, but would instead present evidence showing only that Lewis and Germany were together on the day in question. Lewis responded that the State's approach was acceptable, and that she did not "want any testimony about [Germany] at all, we're just talking about Patricia Germany that day being with [Lewis]." Tr. p. 63. The Court determined that based on the parties' understanding, a motion in limine was unnecessary, but the parties could raise objections during the presentation of evidence if necessary.

During trial, the following colloquy occurred between the State and Miller:

Q: What did you do when you saw [Lewis and Germany] walk into Walgreen's [sic]?
A: When I first saw them walk in?
Q: Yes.
A: As far as I spoke to her friend and then told my boss that there [sic] two were [sic] in.
Q: And why did you feel that you needed to tell your boss about them? Without getting into specifics, just what did you –
A: I've seen them around before.
Q: So you felt that they were suspicious?
A: Yes, I felt that like they wee [sic] suspicious.

*Id.* at 57. Lewis approached the bench and requested a mistrial, which the trial court denied. Instead, the trial court directed the jury that Miller's statement that he had seen Lewis and Germany before was stricken and that they should not consider the statement as evidence.

4

Based on the foregoing, we cannot conclude that the State intentionally directed Miller to testify inappropriately. The State agreed prior to trial that any information about Germany's history and prior relationship with Lewis would not be presented at trial. Furthermore, it appears that the State, by directing Miller to avoid "specifics," was attempting to caution him to avoid inappropriate matters. *See Frentz v. State*, 875 N.E.2d 453, 469 (Ind. Ct. App. 2007) (determining that the State did not engage in misconduct because there was no evidence that the State deliberately elicited nonresponsive, prejudicial testimony from one of its witnesses), *trans. denied.*

Furthermore, even if the State's questioning of Miller was misconduct, the probable persuasive effect of Miller's statement was minimal. The trial court struck Miller's improper comment and instructed the jury not to consider it as evidence. A timely and accurate admonition is presumed to cure any error in the admission of evidence. *Banks v. State*, 761 N.E.2d 403, 405 (Ind. 2002). However, the simple fact that an admonition has been given does not necessarily mean that particularly prejudicial, erroneously admitted evidence will be erased from the minds of reasonable jurors or omitted from their deliberations. *Beer v. State*, 885 N.E.2d 33, 48 (Ind. Ct. App. 2008).

Lewis acknowledges the trial court's admonition but contends that it did not cure the alleged error. Our Supreme Court has identified a number of factors to consider when a defendant seeks to rebut the presumption that an admonition cured evidentiary error. These factors include:

> 1. The effect of constitutional provisions, statutes or rules relating to harmless error.
> 2. The degree of materiality of the testimony.

5

3.  [Other] evidence of guilt.
4.  Other evidence tending to prove the same fact.
5.  Other evidence that may cure the improper testimony.
6.  Possible waiver by the injured party.
7.  Whether the statement was volunteered by the witness and whether there had been deliberate action on the part of the prosecution to present the matter to the jury.
8.  The penalty assessed.
9.  Whether or not the testimony, although volunteered by the witness, was in part brought out by action of the defendant or his counsel.
10.  The existence of other errors.
11.  Whether the question of guilt is close or clear and compelling.
12.  The standing and experience of the person giving the objectionable testimony.
13.  Whether or not the objectionable testimony or misconduct was repeated.

*White v. State*, 257 Ind. 64, 272 N.E.2d 312, 314-315 (1971).

In the current case, the objectionable testimony was not repeated. In addition, Miller did not directly accuse Germany and Lewis of past criminal behavior. At worst, his comment that he had seen them before gave rise to an inference that he suspected Germany and Lewis of past misconduct at the store. Next, Miller volunteered his statement, and although Lewis did nothing to bring it out, there is also no evidence that the State deliberately caused Miller to testify inappropriately. Furthermore, the evidence of Lewis' guilt is strong, because Miller and Magwood saw Lewis put a box of toothpaste in her purse in the store and leave the store in a white Ford Taurus. When Bolander approached a white Ford Taurus that had just stopped, Lewis was nearby. Miller came to the scene, identified Lewis as a shoplifter, and later identified items recovered from the Taurus as being sold at Walgreens. Based on these considerations, we conclude that Lewis has failed to rebut the presumption that the trial court's admonition cured any

6

impropriety in Miller's testimony. *See Beer*, 885 N.E.2d at 49 (considering the factors outlined in *White* and determining that the defendant was not placed in grave peril because the evidence of guilt was "clear and compelling," defendant's prior crimes were only referenced twice during the trial, and the prosecution did not deliberately present evidence of defendant's prior crimes). Therefore, the probable persuasive effect of Miller's comment on the jury is minimal, and we find no error.

## II. JURY INSTRUCTION

The manner of instructing the jury lies largely within the sound discretion of the trial court, and we review the trial court's decision only for an abuse of that discretion. *Boney v. State*, 880 N.E.2d 279, 293 (Ind. Ct. App. 2008), *trans. denied*. In reviewing a trial court's decision to give or refuse tendered jury instructions, the Court considers: (1) whether the instruction correctly states the law; (2) whether there is evidence in the record to support the giving of the instruction; and (3) whether the substance of the tendered instruction is covered by other instructions that are given. *Corbett v. State*, 764 N.E.2d 622, 629 (Ind. 2002). The preferred practice is to use pattern jury instructions. *Boney*, 880 N.E.2d at 294.

Here, the State tendered the following jury instruction: "Your verdict should be based on the law and the facts as you find them. It should not be based on sympathy or bias." Appellant's App. p. 62. This instruction is identical to an Indiana pattern jury instruction. 2 Indiana Judges Association, Indiana Pattern Jury Instructions—Criminal 13.15 (Matthew Bender 2011). The trial court accepted the State's instruction and read it

to the jury, over Lewis' objection, as Final Instruction Number 20 ("Instruction Number 20").

Lewis contends that there is no evidence to support giving Instruction Number 20 and that the substance of the instruction is covered by other instructions. We disagree. There was evidence to support Instruction Number 20. At trial, Lewis testified that she has a one-year-old child. Furthermore, she stated that she was a student at Ivy Tech and was unemployed. The jury instruction served the purpose of reminding jurors that even persons facing difficult economic and family circumstances must comply with the law. In addition, the substance of the instruction was not covered by other instructions. No other instruction directed the jury to avoid deciding the case based on sympathy or bias. Preliminary Instruction Number 12 informed the jury that the verdict "should be based only on the evidence admitted and the instructions on the law," Appellant's App. p. 53, which partially duplicates Instruction Number 20, but it does not address bias or sympathy. We conclude that the trial court did not abuse its discretion by reading Instruction Number 20 to the jury.

CONCLUSION

The judgment of the trial court is affirmed.

KIRSCH, J., and BAILEY, J., concur.