**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PRINCE SANTIAGO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1312-CR-619 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Christina Klineman, Commissioner
Cause No. 49F10-1307-CM-045417

**August 18, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Prince Santiago appeals following his conviction of Resisting Law Enforcement[1] as a class A misdemeanor. Santiago presents the following issue for our review: Did the trial court abuse its discretion in denying Santiago's motion for a mistrial?

We affirm.

On the afternoon of July 11, 2013, Officer Lee Rabensteine of the Indianapolis Metropolitan Police Department was dispatched to respond to a report of a theft. The suspect was described as a light-skinned black man wearing grey shorts and no shirt, with long dreadlocks and multiple tattoos. The suspect was reported to be running west on 34th Street. Officer Rabensteine drove toward the area he believed the suspect would be headed and saw a man matching the description he had been given, who was later identified as Santiago, crossing the street. Santiago looked directly at Officer Rabensteine and then took off running. Officer Rabensteine activated his patrol car's emergency lights and drove alongside Santiago. Officer Rabensteine then exited his patrol car and yelled for Santiago to stop. Santiago did not comply and continued to flee. Officer Rabensteine pursued Santiago on foot, but lost sight of him as he cut between houses. Other officers then joined Officer Rabensteine and set up a perimeter.

Officer Rabensteine waited in an alley for about one minute before he spotted Santiago running westbound. Officer Rabensteine again yelled for Santiago to stop and pursued him on foot. Officer Rabensteine lost sight of Santiago as he ran around the side of a duplex, which Officer Rabensteine believed Santiago had entered. Officers

---

[1] Ind. Code Ann. § 35-44.1-3-1 (West, Westlaw current with all 2014 Public Laws of the 2014 Second Regular Session and Second Regular Technical Session of the 118th General Assembly).

surrounded the duplex and Officer Rabensteine knocked on the front door, asking the occupants to come out. The owner of the adjoining apartment came out and consented to a search of his apartment. When the officers confirmed that Santiago was not inside, they continued shouting for the occupants of the other apartment to come out. Eventually, a woman stuck her head out an upstairs window, and Officer Rabensteine saw Santiago walk by behind her. Eventually, Santiago came downstairs and surrendered to the police. When he did so, Officer Rabensteine observed that Santiago's hair had been roughly cut and that there were hair clippings along the collar of his shirt and the back of his neck.

As a result of these events, the State charged Santiago with class A misdemeanor resisting law enforcement. A jury trial was held on November 25, 2013. Santiago's theory of defense was that he was not the individual who had run from Officer Rabensteine, and that he had been inside the apartment with his girlfriend. Santiago claimed that when he saw that police had surrounded the apartment, he cut off his dreadlocks in an attempt to conceal his identity because he knew that a warrant had been issued for his arrest due to a probation violation. Specifically, in opening statements, defense counsel stated that Santiago had "freak[ed] out" because he knew he had a "probation violation warrant, and the police [were] probably coming to take him to jail." *Transcript* at 84. After discussing the matter with counsel, the trial court ruled that the State was free to elicit testimony from Officer Rabensteine that there was a warrant for Santiago's arrest for a probation violation, but that evidence concerning the crime for which Santiago was on probation was not admissible.

On the State's direct examination of Officer Rabensteine, the following exchange occurred:

Q: And did he have any warrants for his arrest?
A. He did have a warrant for his arrest.
Q: Do you know what that was for?
A: It was either a C or B felony . . . .

*Id.* at 108. At that point, Santiago objected and requested a mistrial. The trial court denied the motion for a mistrial and instructed the jury to disregard the testimony concerning the crime for which Santiago was on probation, noting specifically that it was irrelevant and "very well may not be accurate." *Id.* at 112-13. At the conclusion of the evidence, the jury found Santiago guilty as charged. Santiago now appeals.

Santiago argues that the trial court abused its discretion in denying his motion for a mistrial. "We review a trial court's decision to deny a mistrial for abuse of discretion because the trial court is in 'the best position to gauge the surrounding circumstances of an event and its impact on the jury.'" *Pittman v. State*, 885 N.E.2d 1246, 1255 (Ind. Ct. App. 2008) (quoting *McManus v. State*, 814 N.E.2d 253, 260 (Ind. 2004)). "A mistrial is an extreme remedy that is warranted only when less severe remedies will not satisfactorily correct the error." *Banks v. State*, 761 N.E.2d 403, 405 (Ind. 2002). To prevail on an appeal from the denial of a motion for a mistrial, a defendant must establish that the event or information precipitating the motion was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Burks v. State*, 838 N.E.2d 510 (Ind. Ct. App. 2005), *trans. denied*. We determine the gravity of the peril by considering the probable persuasive effect on the

jury's decision. *Id.* Reversible error is seldom found where the trial court has admonished the jury to disregard the questioned statement. *Id.*

Santiago argues that the testimony set forth above amounted to an evidentiary harpoon. "An evidentiary harpoon is the placing of inadmissible evidence before the jury with the deliberate purpose of prejudicing the jurors against the defendant." *Kirby v. State*, 774 N.E.2d 523, 535 (Ind. Ct. App. 2002), *trans. denied*. In certain circumstances, the injection of an evidentiary harpoon may constitute prosecutorial misconduct requiring a mistrial. *Roberts v. State*, 712 N.E.2d 23 (Ind. Ct. App. 1999). To prevail on such a claim, the defendant must show that: (1) the prosecution acted deliberately to prejudice the jury; and (2) the evidence was inadmissible. *Id.* Moreover, as with any other request for a mistrial, a defendant alleging an evidentiary harpoon must further establish that he was "placed in a position of grave peril to which he should not have been subjected." *Jewell v. State*, 672 N.E.2d 417, 424 (Ind. Ct. App. 1996), *trans. denied*.

As an initial matter, we are unconvinced by Santiago's argument that the prosecuting attorney deliberately elicited testimony concerning the crime for which Santiago was on probation. The trial court had previously ruled that the prosecution could "ask the officer about the warrant, and that it's a probation violation." *Transcript* at 87. The prosecuting attorney did not ask Officer Rabensteine about the crime for which Santiago was on probation; instead, the State asked Officer Rabensteine whether there was a warrant for Santiago's arrest and, upon receiving an affirmative response, what the warrant was for. In other words, the State's question was designed to elicit testimony that the warrant had been issued for a probation violation, which the trial court

had previously ruled admissible. The fact that the prosecuting attorney subsequently argued that the defense had opened the door to the admission of evidence concerning the crime for which Santiago was on probation does nothing to alter the nature of the question it actually asked. Because Santiago has not established that the prosecution acted deliberately, he has not established prosecutorial misconduct amounting to an evidentiary harpoon.

Moreover, even assuming that the prosecuting attorney and/or Officer Rabensteine acted deliberately, we cannot conclude that Santiago was placed in a position of grave peril. By informing the jury that there was a warrant out for his arrest for a probation violation, Santiago had already put the jury on notice that he had a criminal history. Moreover, the trial court adequately admonished the jury that it was to disregard Officer Rabensteine's testimony concerning the crime for which Santiago was on probation, noting specifically that it was irrelevant and "very well may not be accurate." *Id.* at 112-13. We are unconvinced by Santiago's arguments that the admonishment in this case was insufficient to cure the error; indeed, the trial court stated that it believed the jury understood the admonishment because the jurors nodded when it was given. We therefore conclude that Santiago has not rebutted the presumption that the admonishment cured the error. *See Emerson v. State*, 952 N.E.2d 832, 840 (Ind. Ct. App. 2011) (explaining that "where the trial court adequately admonishes a jury, an admonishment is presumed to cure any error that may have occurred"), *trans. denied*. Under these circumstances, we cannot conclude that Officer Rabensteine's brief reference to a "C or

B felony" prejudiced Santiago to such a degree as to necessitate the extreme remedy of a mistrial. *Transcript* at 108.

Judgment affirmed.

VAIDIK, C.J., and MAY, J., concur.