## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 20 2015, 8:58 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Tia R. Brewer
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Maurice Knight,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 20, 2015

Court of Appeals Case No.
27A02-1411-CR-816

Appeal from the Grant Superior Court

The Honorable Jeffrey D. Todd, Judge

Trial Court Cause No.
27D01-1407-F6-21

---

**Mathias, Judge.**

[1] Maurice Knight ("Knight") was convicted in Grant Superior Court of attempted obstruction of justice as a Level 6 felony and sentenced to two and

one-half years incarceration. Knight appeals and presents two issues, which we restate as: (1) whether the trial court erred in denying Knight's motion to dismiss because his prosecution was barred by the successive prosecution statute; and (2) whether the trial court abused its discretion in denying Knight's motion for mistrial based on the State's reference to his prior convictions for invasion of privacy and intimidation.

[2] We affirm.

## Facts and Procedural History

[3] As explained in the companion to this case, *Knight v. State*, No. 27A02-1411-CR-814 (Ind. Ct. App. 2015), Knight was in a romantic relationship with Deanna Foreman ("Deanna"). On April 25, 2014, Deanna obtained a protective order against Knight. Despite this, Knight contacted Deanna on May 18, 2014, by sending her a text message on her phone. He contacted Deanna again on May 20, 2014, by calling Deanna on her phone. As a result, Knight was arrested on May 22, 2014, for violating the protective order and charged with two counts of Class D felony invasion of privacy in Cause No. 27D01-1405-FD-196 ("Cause No. FD-196").

[4] From May 28, 2014 to July 24, 2014, while he was in jail, Knight made numerous telephone calls to Deanna in which he threatened her. In some of the calls, Knight urged Deanna not to cooperate with the prosecuting attorneys and to not appear at his upcoming trial. Specifically, after Deanna told Knight that she had been subpoenaed to appear at his trial, Knight told her, "if you get me

sent to prison, I'm going to think about you every day, and I'm going to do something to you when I get out. I promise you that." Tr. p. 140. He also told Deanna, falsely, that she would not be in trouble if she failed to appear as a witness.

[5] On July 8, 2014, the State amended the charging information in Cause No. FD-196 to add twenty-nine counts of Class D felony invasion of privacy and six counts of Class D felony intimidation. Anticipating that Deanna would not appear at the trial, the State prepared two charging informations, charging both Deanna and Knight with obstruction of justice if Deanna failed to appear.

[6] A bench trial was held in Cause No. FD-196 on July 25, 2014, and Deanna appeared as a reluctant witness against Knight. At the conclusion of the trial, the court found Knight guilty of two counts of Class D felony invasion of privacy and four counts of Class D felony intimidation.

[7] After Deanna did appear as a witness, the State changed the charging information against Knight to allege *attempted* obstruction of justice as a Level 6 felony and filed this information on July 31, 2014, under Cause No. 27D01-1407-F6-21 ("Cause No. F6-21").

[8] On October 8, 2014, prior to trial in Cause No. F6-21, Knight filed a motion to dismiss alleging that the charges against him were barred by the successive prosecution statute and the constitutional prohibitions against double jeopardy. The trial court denied the motion to dismiss. A jury trial was held on October 14, 2014. At trial, Grant County Deputy Sheriff Kristen Sprunger ("Deputy

Sprunger") testified regarding the monitoring and recording of Knight's jail telephone calls, the preparation of possible charges against Deanna, and Deanna's appearance at the trial in Cause No. FD-196. During this testimony, the prosecuting attorney asked Deputy Sprunger if Knight had been convicted in Cause No. FD-196. Deputy Sprunger responded that Knight had been convicted. Knight then requested a mistrial. Following a hearing outside the presence of the jury, the trial court denied the motion for a mistrial, but did admonish the jury as follows:

> Ladies and Gentlemen, this witness was asked if the Defendant was found guilty at a July 25, 2014, trial. I instruct you to disregard her answer to that question. The verdict in the July 25, 2014, trial is, is of no relevance in the case now before you. The verdict in the July 25 trial is not to be discussed or mentioned during recess or in deliberations. It must have no influence on the verdict you render in this case.

Tr. p. 153.

[9] At the conclusion of the trial, the jury found Knight guilty as charged. The trial court sentenced Knight to two and one-half years incarceration and ordered the sentence to be served concurrent with the six-year aggregate sentence imposed in Cause No. FD-196. Knight now appeals.

## I. Successive Prosecution Statute

[10] Knight claims that the trial court should have granted his motion to dismiss because his prosecution in Cause F6-21 was barred by the successive prosecution statute. This statute provides:

(a)  A prosecution is barred if all of the following exist:

(1)  There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2)  The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

(3)  The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

(b)  A prosecution is not barred under this section if the offense on which it is based was not consummated when the trial under the former prosecution began.

Ind. Code § 35-41-4-4 (1977).[1]

[11]  The phrase "should have been charged" as used in this statute must be read in conjunction with the statutes governing joinder. *Thompson v. State*, 966 N.E.2d 112, 118 (Ind. Ct. App. 2012), *trans. denied* (citing *Williams v. State*, 762 N.E.2d 1216, 1219 (Ind. 2002)). One of the joinder statutes, Indiana Code section 35-34-1-10 (1981), provides in relevant part:

---

[1] Knight makes a brief argument that his prosecution was also barred by operation of Indiana Code section 35-41-4-3 (1977), which generally bars prosecution "if there was a former prosecution of the defendant based on the same facts and for commission of the same offense." First, this argument is not fully developed and is therefore waived. *See Davis v. State*, 835 N.E.2d 1102, 1113 (Ind. Ct. App. 2005) (concluding that defendant's argument was waived where he cited no authority in support of his position); Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]"). More importantly, here, the subsequent prosecution was not for the "same offense," and section 35-41-4-3 is inapplicable.

The same is true with regard to Knight's brief references to double jeopardy; these references contain no citation to authority and no cogent reasoning and are therefore waived. *See Davis*, 835 N.E.2d at 1113; App. R. 46(A)(8)(a).

(c) A defendant who has been tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter. The motion to dismiss shall be made prior to the second trial, and shall be granted if the prosecution is barred by reason of the former prosecution.

The relevant portion of Indiana Code section 35-34-1-9 in turn provides:

(a) Two (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count, when the offenses:

(1) are of the same or similar character, even if not part of a single scheme or plan; or

(2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Ind. Code § 35-34-1-9 (1981).

To determine whether contemporaneous crimes are part of a "single scheme or plan," for purposes of Section 9, we look to whether the offenses are connected by a distinctive nature, have a common *modus operandi*, and a common motive." *Thompson*, 966 N.E.2d at 118 (citations and internal quotations omitted). In construing these statutes, we have noted before:

[O]ur legislature has provided that, where two or more charges are based on the same conduct or on a series of acts constituting parts of a single scheme or plan, they should be joined for trial. [Indiana Code section 35-41-4-4] serves as a check upon the otherwise unlimited power of the State to pursue successive prosecutions. Where the State chooses to bring multiple

> prosecutions for a series of acts constituting parts of a single criminal transaction, it does so at its own peril.

*Thompson*, 966 N.E.2d at 118 (citing *Williams*, 762 N.E.2d at 1219) (internal quotations omitted).

[14] On appeal, we review the trial court's decision on a motion to dismiss for an abuse of discretion. *Schmidt v. State*, 986 N.E.2d 857, 860 (Ind. Ct. App. 2013), *trans. denied*. We will not reweigh the evidence and will resolve any conflicts in the evidence in favor of the trial court's ruling, and we will affirm the trial court on any basis apparent in the record. *Id*.

[15] In the present case, Knight argues that the intimidation charges in Cause No. FD-196 and the obstruction of justice charge in F6-21 were based on a single scheme or plan and should have been charged in the same case. Because they were not, he claims that the charge in F6-21 was barred by the successive prosecution statute. We disagree.

[16] It is true that an overlap exists between the timing of the acts underlying both cases. The acts underlying the charges in Cause No. FD-196 were alleged to have occurred from May 28 to June 30, 2014. In Cause No. F6-21, the acts were alleged to have occurred from May 28 through July 25, 2014.

[17] However, to determine whether the crimes in both cases were part of a single scheme or plan, we look to whether the offenses are connected by a distinctive nature, have a common *modus operandi*, and a common motive. *Thompson*, 966 N.E.2d at 118. Here, we cannot say that the offenses were connected by a

distinctive nature. Nothing is terribly distinctive about speaking to someone over the telephone. Neither can we say that the crimes had a common *modus operandi*. *Modus operandi* means "method of working" and refers to a pattern of criminal behavior so distinctive that separate crimes may be recognized as the work of the same wrongdoer. *Wilkerson*, 728 N.E.2d at 246. Again, talking to someone on the telephone from jail is behavior so distinctive that the separate crimes may be recognized as the work of the same person.

[18] Perhaps more importantly, the crimes do not share a common motive. The motive of the crimes in Cause No. FD-196 was to contact Deanna and intimidate her into maintaining her relationship with Knight. The motive in the current case was to prevent Deanna from appearing as a witness and testifying against Knight.

[19] We also note that the State could not have charged Knight with obstruction of justice until after Deanna had been legally summoned as a witness. *See* Ind. Code § 35-44.1-2-2(a)(1)(C) (2013) ("A person who . . . knowingly or intentionally induces, by threat, coercion, false statement, or offer of goods, services, or anything of value, a witness or informant in an official proceeding or investigation to . . . absent the person from a proceeding or investigation *to which the person has been legally summoned* . . . commits obstruction of justice, a Level 6 felony.") (emphasis added). Despite the State's attempts to serve her with a subpoena earlier, the State was unable to properly serve her with the subpoena until July 1, 2014—just over three weeks before Knight's trial in Cause No. FD-196. If the State were required to charge Knight with obstruction

of justice in Cause No. FD-196, a late amendment to the charging information would present its own difficulties. *See Gaby v. State*, 949 N.E.2d 870, 874 (Ind. Ct. App. 2011) (noting that Indiana Code section 35-34-1-5(b) generally allows the State to amend a charging information any time before the start of trial if the amendment does not prejudice the defendant's substantial rights, which include a right to sufficient notice, i.e., whether the defendant had a reasonable opportunity to prepare for and defend against the charges).

[20] Further, until Deanna did or did not appear to testify as a witness, the State did not know whether it would be able to file the charge of obstruction of justice. Once Deanna appeared as a witness, the State could only charge Knight with *attempted* obstruction of justice. Under these facts and circumstances, we cannot say that the State should have brought the obstruction of justice charge against Knight in Cause No. FD-196. Thus, Knight's prosecution in Cause No. F6-21 was not barred by the successive prosecution statute, and the trial court did not err in denying Knight's motion to dismiss.

## II. Mistrial

[21] Knight also argues that the trial court erred in denying his motion for a mistrial which was made after Deputy Sprunger testified, in response to a question by the prosecution, that Knight was convicted after the trial in Cause No. FD-196.

[22] A trial court's discretion in determining whether to grant a mistrial is afforded great deference on appeal, because the trial court is in the best position to gauge the surrounding circumstances of an event and its impact on the jury. *Mickens v.*

*State*, 742 N.E.2d 927, 929 (Ind. 2001). A court on appeal therefore reviews the trial court's decision solely for abuse of discretion. *Id*. "After all, a mistrial is an extreme remedy that is only justified when other remedial measures are insufficient to rectify the situation." *Id*. To prevail on appeal from the denial of a motion for mistrial, the defendant must establish that the questioned conduct was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected. *Id*. The gravity of the peril is determined by considering the alleged misconduct's probable persuasive effect on the jury's decision, not the impropriety of the conduct. *Id*.

[23] The State does not argue that the evidence regarding Knight's prior conviction was properly before the jury. Instead, the State argues that Knight waived the issue by not requesting an admonishment and that the admonishment given by the trial court was adequate. With regard to the issue of waiver, the State is correct that, generally speaking, the failure to request an admonishment or to move for mistrial results in waiver. *Dumas v. State*, 803 N.E.2d 1113, 1117 (Ind. 2004). Here, however, the trial court admonished the jury *sua sponte*. We cannot fault Knight for not requesting an admonishment when the trial court did in fact admonish the jury.

[24] We do agree with the State, however, that Knight has not demonstrated that the trial court's admonishment was insufficient. A timely and accurate admonition is presumed to cure any error in the admission of evidence. *Banks v. State*, 761 N.E.2d 403, 405 (Ind. 2002). Here, the trial court instructed the jury to disregard Deputy Sprunger's response and informed the jury that the verdict

in the prior case was irrelevant, was not to be discussed or even mentioned in the deliberations, and was to have no influence on the jury's verdict. Tr. p. 153. Knight does not explain why the trial court's admonishment did not suffice under these circumstances. *See Banks*, 761 N.E.2d at 405. The trial court did not abuse its discretion in denying Knight's motion for mistrial.

## Conclusion

[25] The trial court did not err in denying Knight's motion to dismiss the charges against him, as the current charges were not barred by the successive prosecution statute. The trial court did not abuse its discretion in denying Knight's motion for a mistrial because the trial court's admonishment to the jury was adequate.

[26] Affirmed.

May, J., and Robb, J, concur.