


FILED
Nov 14 2025, 9:14 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N T H E

# Court of Appeals of Indiana

Brady McDaniel,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

November 14, 2025

Court of Appeals Case No.
25A-CR-798

Appeal from the Madison Circuit Court

The Honorable David Happe, Judge

Trial Court Cause No.
48C04-2402-F6-000317

---

**Opinion by Judge Felix**
Judges Brown and Scheele concur.

**Felix, Judge.**

## Statement of the Case

During Brady McDaniel's trial for numerous driving-related charges, the State published evidence to the jury that included a reference to McDaniel's conditional license. Since the conditional license was the subject of a successful motion in limine, McDaniel moved for a mistrial. The trial court denied the motion but admonished the jury to disregard the improper reference. McDaniel was convicted as charged; he now appeals, raising one issue for our review: Whether the trial court abused its discretion when it denied McDaniel's motion for a mistrial.

We affirm.

## Facts and Procedural History

On February 1, 2024, Elwood Police Department Captain Tyler Irwin was patrolling State Road 37 in Madison County, Indiana, when McDaniel drove toward him "with his bright lights still on" while speeding. Tr. Vol. I at 94.[1] Captain Irwin turned around to follow McDaniel and "observe[d] additional road behavior," *id*.; including "intermittent speed," *id*. at 95; "side-to-side

---

[1] Indiana Appellate Rule 28 and Appendix A to the Appellate Rules require a court reporter to consecutively number the volumes of the Transcript, with the first volume containing only the Table of Contents. Ind. Appellate Rule 28(A), *id.* App. A(11)-(13), *see also id.* Form # App. R. 28-1. Here, the Table of Contents was not identified as a separate volume of the Transcript. To be consistent with the Transcript as prepared and the parties on appeal, we refer to the Transcript as "Tr. Vol. I."

motion," *id.*; and following a vehicle "too close for the safety of the vehicle," *id*. After McDaniel passed the vehicle in front of him that was "already traveling the approximate posted speed," Captain Irwin stopped him. *Id.* While speaking with McDaniel, Captain Irwin smelled "the odor of consumed alcohol," saw "a little bit of redness in [McDaniel's] eyes," and heard "slight slurring in [McDaniel's] speech." *Id*. at 101. McDaniel was placed under arrest after declining to participate in a field sobriety test. Law enforcement officers located an open bottle of beer and a bag of suspected marijuana in McDaniel's vehicle. Captain Irwin secured a warrant for a blood draw, but McDaniel refused to allow his blood to be drawn.

[4]     McDaniel was charged with obstruction of justice as a Level 6 felony,[2] operating a vehicle while intoxicated as a Level 6 felony,[3] violation of ignition interlock order as a Class A misdemeanor,[4] possession of marijuana as a Class B misdemeanor,[5] violation of driving conditions as a Class C misdemeanor,[6] and he was alleged to be a habitual vehicle substance offender[7]. Prior to trial, the State dismissed the possession of marijuana count. The morning of trial, McDaniel pled guilty to the violation of driving conditions and violation of

---

[2] Ind. Code § 35-44.1-2-2(a)(2)(A).

[3] I.C. § 9-30-5-3(a).

[4] I.C. § 9-30-5-16(c).

[5] I.C. § 35-48-4-11(a)(1).

[6] I.C. § 9-30-16-5(a).

[7] I.C. § 9-30-15.5-2.

ignition interlock order counts, and he orally moved to exclude any mention of his conditional license or need for an ignition interlock (the "Motion"). The trial court granted the Motion and ordered the State to redact its evidence accordingly.

During the State's direct examination of Captain Irwin, the State published to the jury a partially redacted portion of his body camera footage featuring his interaction with McDaniel the night of his arrest. In the footage, Captain Irwin can be heard asking McDaniel which court issued his conditional license. McDaniel immediately objected and requested a hearing outside the jury's presence. "[G]iven the time," Tr. Vol. I at 105, the trial court gave a general admonishment to the jury and "release[d] them for lunch" before conducting the hearing, *id.* at 106.

During the hearing, McDaniel requested a mistrial, arguing that no admonishment could cure the error created by the mention of the conditional license because "[t]here's not a single good act that leads to a conditional license." Tr. Vol. I at 110. The trial court agreed that it was a "bell that [was] somewhat unringable" but denied the request for a mistrial because "that single fleeting reference to a conditional license status [did not] pose[] such great [peril] that the case must be declared a mistrial." *Id.* at 112. The trial court admonished the jury immediately upon their return from lunch, instructing them as follows:

> Before the lunch break a portion of Captain Irwin's body camera video was played in which a reference was made to the

defendant's license status.  This was improper and should not have been played.  The court is striking this reference from the record.  You are instructed to disregard the reference to defendant's license status and not discuss or consider that reference in any way in making your decisions in the case.

*Id*. at 124.

[7]     Following the first phase of the trial, the jury found McDaniel guilty of obstruction of justice and operating a vehicle while intoxicated.  McDaniel admitted to being a habitual vehicle substance offender, and he was sentenced to eight years, with six years of incarceration and two years suspended to probation.  This appeal ensued.

## Discussion and Decision

### The Trial Court Did Not Abuse Its Discretion By Denying McDaniel's Motion For a Mistrial

[8]     McDaniel argues that the trial court abused its discretion by denying his motion for a mistrial.  "Whether to grant or deny a motion for a mistrial lies within the sound discretion of the trial court.  We afford great deference to the trial court's decision and review the decision solely for abuse of that discretion." *Isom v. State*, 31 N.E.3d 469, 480 (Ind. 2015) (internal citation omitted) (citing *Treadway v. State*, 924 N.E.2d 621, 628 (Ind. 2010)), *cert. denied.*

[9]     "To prevail on appeal from the denial of a motion for mistrial, the appellant must establish that the questioned conduct 'was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should

not have been subjected.'" *Mickens v. State*, 742 N.E.2d 927, 929 (Ind. 2001) (quoting *Gregory v. State*, 540 N.E.2d 585, 589 (Ind. 1989)). This prejudice is weighed by the persuasive effect on the jury rather than the nature of the conduct itself. *Id.* (citing *Gregory*, 540 N.E.2d at 589). A mistrial is an "extreme remedy" that should only be used when "remedial measures are insufficient to rectify the situation." *Id.* (citing *Szpyrka v. State*, 550 N.E.2d 316, 318 (Ind. 1990)). We presume that a timely and accurate admonishment cures any error in admitting evidence. *Gibbs v. State*, 214 N.E.3d 351, 358 (Ind. Ct. App. 2023) (citing *Banks v. State*, 761 N.E.2d 403, 405 (Ind. 2002)). We also presume that "the jury followed the trial court's admonishment" to not consider the excluded testimony in its deliberations, *id.* (quoting *Francis v. State*, 758 N.E.2d 528, 532 (Ind. 2001)), and that the jury followed the trial court's instructions, *Weisheit v. State*, 109 N.E.3d 978, 989 (Ind. 2018) (citing *Richardson v. Marsh*, 481 U.S. 200, 206–07 (1987)), *cert. denied*.

[10] Here, McDaniel argues that the trial court's post-lunch admonishment was not timely, and he relies on comments from the trial court to argue that the single reference to his conditional license placed him in a position of grave peril. McDaniel points out that the trial court agreed with him that a conditional license is "not a reward for good behavior." Appellant's Br. at 12 (quoting Tr. Vol. I at 110). McDaniel also points to the trial court's observation that the improperly admitted reference was a "bell that is somewhat unringable." *Id.* (quoting Tr. Vol. I at 112). We disagree with McDaniel in both respects for the reasons stated below.

First, the trial court timely admonished the jury. McDaniel argues the admonishment was untimely because it was made after lunch, an hour and 38 minutes after the jury was released. McDaniel does not cite to any cases in support of this argument. Here, the reference to the conditional license was isolated, brief, and not made to show action in accordance with the alleged offenses. After the improper reference was made, McDaniel requested a hearing outside the jury's presence and did not object to the trial court releasing the jury for lunch. During the jury's lunch break, the trial court solicited input from McDaniel on a specific admonishment for the jury. Immediately after the jury returned, before any additional evidence was presented, the trial court admonished the jury, instructing them to disregard the reference to McDaniel's conditional license. The admonishment was therefore timely. We presume the jury followed the trial court's admonishment, *see Gibbs*, 214 N.E.3d at 358, and McDaniel points to nothing in the record to suggest that they did not.

Second, McDaniel has failed to demonstrate that the isolated reference to his conditional license placed him in grave peril. The standard for grave peril is not whether the trial court agrees the evidence was admitted inappropriately; rather, it is whether the jury was improperly persuaded by the evidence. *See Mickens*, 742 N.E.2d at 929 (citing *Gregory*, 540 N.E.2d at 589). Here, the jury found McDaniel guilty of obstruction of justice and operating a vehicle while intoxicated—neither of which required the jury to determine that he was driving on a conditional license—and both were supported by abundant evidence. Therefore, the single improper reference to McDaniel's conditional

driver's license likely had no "persuasive effect on the jury's decision." *Mickens*, 742 N.E.2d at 929 (citing *Gregory*, 540 N.E.2d at 589). We are also not convinced that a layperson would understand the meaning of "conditional license" after a single inquiry regarding which court issued McDaniel his; the term was not defined by any witness, the parties' attorneys, or the court prior to or after the use of that term. *Cf. Blanchard v. State*, 802 N.E.2d 14, 33 (Ind. Ct. App. 2004) (recognizing that "the use of a term of art in a jury instruction requires a further instruction explaining the legal definition of the word."). Accordingly, McDaniel was not placed in grave peril. For the foregoing reasons, the trial court did not abuse its discretion when it denied the motion for a mistrial. We therefore affirm the trial court on all issues raised.

[13] Affirmed.

Brown, J., and Scheele, J., concur.

ATTORNEY FOR APPELLANT

Brandon Townsend
Law Office of Brandon Townsend
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana