**Ryan Eugene GILL, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 45S00–9809–CR–512.

Supreme Court of Indiana.

June 30, 2000.

Marce Gonzalez, Jr., Appellate Public Defender, Merrillville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

SULLIVAN, Justice.

Defendant Ryan Eugene Gill was convicted and sentenced for killing another man while attempting to rob him of his gun. He now appeals, claiming that the admission of improper character evidence on two separate occasions warranted a mistrial. He also challenges the general judicial practice of jury admonishments. Finding these claims not to have been properly preserved at trial to permit appellate review, we affirm.

This Court has jurisdiction over this direct appeal because the sentence exceeds 50 years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

### Background

The facts most favorable to the verdict indicate that on March 30, 1996, Defendant Ryan Eugene Gill, Ronald Watkins, Terrence Lacefield and others attended a birthday celebration at a house located in Gary, Indiana. The birthday party was in honor of twin brothers, Donald Bowens and Ronald Bowens. Darryl Clark, carrying a new nickel-plated handgun with a pearl handle, later arrived at the party to purchase cocaine. While carrying out this transaction, Clark dropped his money on the floor. As he leaned over to pick it up, his new gun fell to the floor. Defendant, standing nearby, noticed Clark's gun. Donald Bowens heard Defendant say, "I'm going to get that pistol. That's my pistol." Ronald Bowens also overhead Defendant announce, "I got to have it." Defendant told Watkins that he wanted Watkins to help him steal the gun from Clark. Defendant was armed with a .357 magnum revolver and promised Watkins that he would give him the revolver if Watkins would help with the robbery.

Later in the evening, Defendant and Clark engaged in a short conversation during which Clark lifted up his shirt to show Defendant his gun. Defendant reached for Clark's handgun and then a struggle ensued. At that point, Watkins aimed the .357 magnum revolver at Clark, ordering him to stop the altercation. Clark released his own gun, grabbed for the .357 magnum revolver, and then Watkins and Clark began wrestling. Watkins fell over a couch and Clark obtained control of the gun and aimed it at Watkins's head. Watkins heard one shot, looked up, and saw Defendant pointing a gun at Clark. Wounded from a gunshot, Clark fell on top of Watkins. Clark then jumped up and raced to a back room in an attempt to escape.

Defendant followed Clark and started pushing on the back room door. The door opened slightly, someone pointed Clark's handgun into the room, and fired several shots directly at Clark. One eyewitness, Lacefield, identified Defendant as the perpetrator who shot Clark. Shortly thereafter, Clark died from gunshot wounds to the head and abdomen.

On July 1, 1998, a jury found Defendant guilty of Felony Murder.[1] On August 5, 1998, the trial court sentenced Defendant

---

1. Ind.Code § 35–42–1–1 (1993).

to 55 years. Defendant now appeals his murder conviction.

We will recite additional facts as necessary.

### Discussion

Defendant contends that the trial court erred twice in failing to grant his motions for a mistrial after two State witnesses, brothers Donald Bowens and Ronald Bowens, testified as to threats made to them by Defendant prior to the murder. He specifically argues that this evidence constituted character evidence prohibited under Indiana Evidence Rule 404(b).

### I

On direct-examination, the prosecutor questioned State witness Donald Bowens who offered the following testimony:

> [Prosecutor:] Other than words spoken, sir, were there any sounds that you heard after this pistol falling out at your house that drew your attention?
>
> * * *
>
> [Donald Bowens:] Yes.
>
> [Prosecutor:] And what was that sound, if you know, sir?
>
> [Defense Counsel:] That's leading, Your Honor. Hearsay.
>
> [The Court:] Overruled. You can answer that.
>
> [Donald Bowens:] *Okay, [Defendant] had slapped my brother [Ronald Bowens] and threatened him, told him he would killed [sic] him.*

(R. at 125–26) (emphasis added).

 Immediately after this colloquy, defense counsel moved for a mistrial on grounds that Defendant's out-of-court statement threatening to kill Ronald Bowens constituted inadmissible hearsay.[2] The trial judge immediately admonished the jury.[3] On appeal, Defendant advances a different argument: that the evidence was inadmissible under Ind. Evidence Rule 404(b)[4] because Defendant's threats constituted prior uncharged bad acts. It is well-settled law in Indiana that a defendant may not argue one ground for objection at trial and then raise new grounds on appeal. *Willsey v. State*, 698 N.E.2d 784 (Ind.1998) (citing to *Marshall v. State*, 621 N.E.2d 308, 316 (Ind.1993)). Because Defendant did not object at trial to the admissibility of the evidence on the basis of character evidence, he has waived this claim of error for appellate review.

### II

With respect to the testimony of the other State witness, the prosecutor elicited the following information from Ronald Bowens on direct examination:

> [Prosecutor]: Did you and [Defendant] talk about anything else that night?
>
> [Ronald Bowens]: *He was talking about killing me next.*
>
> [Prosecutor]: Now when was this?
>
> [Defense Counsel]: I'm going to object. May we approach?

(R. at 190) (emphasis added).

Outside the presence of the jury, the judge and lawyers discussed the matter. Defense counsel argued that the statement constituted inadmissible evidence of prior wrongful acts and moved for a mistrial. The trial court acknowledged the objection and instructed the prosecutor to focus the

---

2. Out-of-court statements offered to prove the truth of the matter asserted constitute hearsay. *See* Ind. Evidence Rule 801. Generally, hearsay statements are not admissible unless the statements fall within a prescribed exception. *See* Ind. Evidence Rule 802.

3. The trial judge stated, "The jury is to disregard what the witness has said. It's inappropriate." (R. at 127.)

4. *Indiana Evidence Rule 404(b) provides in pertinent part:* "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . ."

line of questioning on the murder. However, finding that the matter did not warrant a mistrial, the court denied defense counsel's motion. Immediately after the ruling, defense counsel affirmatively requested that the court admonish the jury. The court granted the request and instructed the jury to "disregard the answer that this witness gave. You're not to consider that in any way." (R. at 192.) The prosecutor resumed questioning and limited the inquiry in accordance with the court's instruction.

■ On appeal, Defendant asserts that the court's admonishment of the jury instructing them to disregard the testimony of Ronald Bowens was "insufficient to overcome the prejudice of the improper evidence." Appellant's Br. at 8. And Defendant broadly challenges the entire judicial practice of admonishing a jury, arguing that it amounts to a "legal fiction" which "simply do[es] not work," and "actually *increases* the prejudicial results." *Id.* at 8, 9 (emphasis in original). To lend support to his argument, Defendant relies upon various social science studies and law articles that seriously question the efficacy of jury admonishments. *Id.* at 9. These materials are interesting and suggest at a minimum that a court construct and deliver jury admonishments with care and precision.[5] But here we have no grounds on which to reverse. Defense counsel himself requested the admonishment. This suggests to us that he thought this measure would be helpful rather than having a prejudicial effect on the jury. Furthermore, defense counsel made no further objection to the witness's statement after the court's admonishment, and he did not raise the argument that admonishments fail to remedy the jury's exposure to inadmissible evidence. Appellate counsel cannot now argue that this traditional judicial practice "simply does not work."

### III.

■ In any event, the testimony of the Bowens brothers does not warrant reversal of Defendant's conviction. The denial of a mistrial lies within the sound discretion of the trial court, and reversal is required only if the defendant demonstrates that he was so prejudiced that he was placed in a position of grave peril. *Tompkins v. State,* 669 N.E.2d 394, 398 (Ind.1996) (citing *Campbell v. State,* 622 N.E.2d 495, 501 (Ind.1993); *Bradford v. State,* 453 N.E.2d 250, 252 (Ind.1983)). The gravity of peril is measured by the probable persuasive effect on the jury's decision. *Steele v. State,* 672 N.E.2d 1348, 1350 (Ind.1996). The trial judge is in the best position to gauge the surrounding circumstances and the potential impact on the jury when deciding whether a mistrial is appropriate. *See Tompkins,* 669 N.E.2d at 398; *Roche v. State,* 596 N.E.2d 896, 902 (Ind.1992).

■ Defendant has not shown that he was so prejudiced that he was placed in a position of grave peril as a result of the admission of his threats. In fact, we conclude that any claimed error in the admission of this character evidence was harmless in that it did not affect the substantial rights of Defendant. *See* Ind. Trial Rule 61; *Fleener v. State,* 656 N.E.2d 1140, 1142 (Ind.1995). The State presented the testimony of two witnesses, which revealed Defendant's desire to have the victim's gun. Another witness testified to Defendant's plan to get the gun from the victim. Finally, one witness to the crime identified Defendant as the perpetrator who shot and killed the victim. In light of the substantial evidence establishing Defendant's guilt, admission of character evidence would not have had a probable persuasive effect on the jury's decision. Under these circumstances, we agree with the trial court's decision that a mistrial was not appropriate.

---

**5.** See 12 Robert Lowell Miller, Jr., *Indiana Practice* § 105.101, at 103 (2d ed. 1995), for a discussion on this point.

*Conclusion*

We affirm the trial court's judgment.

SHEPARD, C.J., and DICKSON, BOEHM, and RUCKER, JJ., concur.