**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ELLEN M. O'CONNOR**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| LARRY PETERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1401-CR-39 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
Cause No. 49G01-1112-FB-86618

**October 10, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Larry Peterson appeals his conviction for Class B felony aggravated battery. We affirm.

**Issues**

Peterson raises two issues, which we restate as:

I.       whether the trial court properly instructed the jury regarding self-defense; and

II.      whether the State rebutted his claim of self-defense.

**Facts**

Peterson was working as a security guard at a liquor store in Indianapolis. Michael Goldsby had recently been banned from entering the store. However, Goldsby returned to the store on December 11, 2011, and became very disruptive when the cashier would not sell alcohol to him. During the evening, Goldsby kept returning to the store. When Peterson came to work shortly before 7:00 p.m., he also told Goldsby to leave the store, but Goldsby kept returning. Eventually, Peterson and Goldsby got in a fight, and Peterson used a taser on Goldsby. Peterson got Goldsby out of the store, but Goldsby kept trying to get back in the store. Peterson was eventually able to lock the door, and another employee called 911. While Goldsby was outside, he picked up a cinder block and acted like he was going to throw it through the store's window. Instead, he turned and threw the block at Peterson's truck. Goldsby then turned and started walking away. Peterson walked out of the store to "confront" Goldsby and had his gun in his hand. Tr. p. 341. Peterson fired three shots at Goldsby. One of the bullets entered the left side of

Goldsby's neck and came out of the right side of his neck. Peterson told police officers at the scene, "yeah, I shot him - - he threw a brick at my truck." Id. at 151. During an interview, Peterson told officers that he shot at Goldsby as Goldsby was running away from him.

The State charged Peterson with Class B felony aggravated battery and Class A felony attempted murder. Peterson argued at his jury trial that he shot Goldsby in self-defense. The jury found him guilty of aggravated battery and not guilty of attempted murder. The trial court sentenced Peterson to ten years with six years executed on home detention and four years suspended to probation. Peterson now appeals.

**Analysis**

### I. Jury Instruction

Peterson argues that the trial court erred by rejecting his proposed jury instruction regarding self-defense. Instructing a jury is left to the sound discretion of the trial court, and we review its decision only for an abuse of discretion. Washington v. State, 997 N.E.2d 342, 345 (Ind. 2013). We undertake a three-part analysis in determining whether a trial court has abused its discretion. Id. First, we determine whether the tendered instruction is a correct statement of the law. Id. Second, we examine the record to determine whether there was evidence to support the tendered instruction. Id. at 345-46. Finally, we determine whether the substance of the tendered instruction was covered by another instruction or instructions. Id. at 346.

At the jury trial, Peterson proposed the following instruction regarding self-defense:

It is an issue whether the defendant acted in self-defense.

Self-defense is recognized as a valid justification for an otherwise criminal act. A person may use reasonable force against another person to protect himself or someone else from what the defendant reasonably believes to be the imminent use of unlawful force.

The question of the existence of danger at the time, the necessity or apparent necessity for the use of force employed by the defendant, as well as the amount of force necessary to resist an attack, can only be determined from the perspective of the defendant at the time and under all existing circumstances. It is immaterial whether or not the danger existed or whether or not the injury was intended by the aggressor.

However, a person may not use force if:

- He is committing a crime that is directly and immediately connected to the confrontation.
- He is escaping after the commission of a crime that is directly and immediately connected to the confrontation.
- He provokes a fight with another person with intent to cause bodily injury to that person.
- He has willingly entered into a fight with another person or started the fight, unless he withdraws from the fight and communicates to the other person his intent to withdraw and the other person nevertheless continues or threatens to continue the fight.

The State has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense.

App. p. 199. Peterson filed a brief in support of his requested self-defense jury instruction. The brief focused on concerns over the subjective and objective beliefs of

4

the defendant in a self-defense case. The trial court rejected the instruction and instead gave the following pattern jury instruction regarding self-defense:

> It is an issue whether the Defendant acted in self-defense.
>
> A person is justified in using reasonable force against another person to protect himself or a third person from what the person reasonably believes to be the imminent use of unlawful force.
>
> However, a person is justified in using deadly force and does not have a duty to retreat, if he reasonably believes that deadly force is necessary to prevent serious bodily injury to himself or a third person or to prevent the commission of a felony.
>
> A person may not use force if:
>
> - He is committing a crime that is directly and immediately related to the confrontation;
> - He is escaping after the commission of a crime that is directly and immediately connected to the confrontation;
> - He provokes unlawful action by another person, with intent to cause bodily injury to the other person; or
> - He enters into combat with another person or is the initial aggressor unless he withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action.
>
> The State has the burden of proving beyond a reasonable doubt that the Defendant did not act in self-defense.

App. p. 157. The trial court noted that Peterson's concerns were appropriately addressed by the pattern instruction. Peterson's only comment was, "we just stand on our brief." Tr. p. 293.

5

On appeal, Peterson argues that the jury instruction given by the trial court is erroneous because "[t]he trial court's Jury Instruction of Self Defense omitted the statutory justification for deadly force [b]y omitting 'forcible' from felony." Appellant's Br. p. 19. According to Peterson, the failure to include "forcible" down played "the imminent threat" that Peterson faced. Id.

At the time of the offense, Indiana Code Section 35-41-3-2(a) provided:

> A person is justified in using reasonable force against another person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force. However, a person:
>
> (1) is justified in using deadly force; and
>
> (2) does not have a duty to retreat;
>
> if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person or a third person or the commission of a <u>forcible felony</u>. No person in this state shall be placed in legal jeopardy of any kind whatsoever for protecting the person or a third person by reasonable means necessary.

(emphasis added).[1]

Neither Peterson's proposed jury instruction nor the pattern instruction given by the trial court included the term "forcible felony." However, Peterson did not object to the pattern instruction on this basis, and his own proposed instruction did not cure this alleged defect. "A defendant may not argue one ground for objection at trial and then raise new grounds on appeal." <u>Patton v. State</u>, 837 N.E.2d 576, 579 (Ind. Ct. App. 2005)

---

[1] Indiana Code Section 35-41-3-2 was subsequently amended by Pub. L. No. 161-2012, Section 1, effective March 20, 2012, and Pub. L. No. 13-2013, Section 139, effective April 1, 2013.

(citing Gill v. State, 730 N.E.2d 709, 711 (Ind. 2000)). "Nor may a defendant appeal the giving of an instruction on grounds not distinctly presented at trial." Id. (citing Ind. Trial Rule 51(C)). "Appellate review of a claim of error in the giving of a jury instruction requires a timely trial objection clearly identifying both the claimed objectionable matter and the grounds for the objection." Id. "A defendant must identify specific grounds in support of an objection to an incorrect jury instruction, particularly where the trial court focuses its attention on the language of a misleading or incomplete proposed instruction." Id. Because Peterson objected at trial on a different basis, he has waived this argument.

Waiver notwithstanding, Peterson has failed to demonstrate that he was prejudiced by the alleged error. "Before a defendant is entitled to a reversal, he must affirmatively show that the erroneous instruction prejudiced his substantial rights." Rhone v. State, 825 N.E.2d 1277, 1286 (Ind. Ct. App. 2005), trans. denied. As the State points out, the omission of the term "forcible felony" and the use of the term "felony" is favorable to Peterson because it would expand the justification for the use of deadly force to prevent any felony, not just a forcible felony. Peterson has failed to demonstrate that he was prejudiced by the omission of the term "forcible" from the jury instruction.

## II. Self-Defense

Peterson argues that the State failed to rebut his claim of self-defense. A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. Wilson v. State, 770 N.E.2d 799, 800 (Ind. 2002). At the time of Peterson's offense, Indiana Code Section 35-41-3-2(a) provided: "A person is justified in using reasonable force against another person to protect himself or a third person from what he

reasonably believes to be the imminent use of unlawful force." A claim of self-defense requires a defendant to have acted without fault, been in a place where he or she had a right to be, and been in reasonable fear or apprehension of bodily harm. Henson v. State, 786 N.E.2d 274, 277 (Ind. 2003). Further, a mutual combatant, whether or not the initial aggressor, must declare an armistice before he or she may claim self-defense. Id. at 801; see Ind. Code § 35-41-3-2(e)(3) ("[A] person is not justified in using force if: . . . the person has entered into combat with another person or is the initial aggressor, unless the person withdraws from the encounter and communicates to the other person the intent to do so and the other person nevertheless continues or threatens to continue unlawful action.").[2]

The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. Wilson, 770 N.E.2d at 800. We neither reweigh the evidence nor judge the credibility of witnesses. Id. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. Id. When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. Id. If a defendant is convicted despite his or her claim of self-defense, we will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. Id. at 800-01.

---

[2] Subsequently amended by Pub. L. No. 161-2012, Section 1, effective March 20, 2012, and Pub. L. No. 13-2013, Section 139, effective April 1, 2013.

According to Peterson, the State failed to rebut his self-defense claim beyond a reasonable doubt. Peterson contends that Goldsby was the initial aggressor and that Goldsby retained the ability to throw a block at the window. Peterson argues that he lawfully used reasonable force to "protect himself from what he reasonably believed to be the imminent use of unlawful force." Appellant's Br. p. 12.

The State demonstrated that, after the fight in the liquor store, Peterson was able to get Goldsby outside and lock the door. Goldsby picked up a cinder block and acted as if he was going to throw it through the store window. Instead, Goldsby threw it at Peterson's truck. At that point, Goldsby started walking away, but Peterson walked out of the store to "confront" Goldsby and had his gun in his hand. Tr. p. 341. Peterson fired three shots at Goldsby. One of the bullets entered the left side of Goldsby's neck and came out of the right side of his neck. Peterson told police officers at the scene, "yeah, I shot him - - he threw a brick at my truck." Id. at 151. During an interview, Peterson told officers that he shot at Goldsby as Goldsby was running away from him. Because Goldsby was retreating and leaving the scene, Peterson could not have had a reasonable fear of the imminent use of unlawful force or reasonable fear or apprehension of bodily harm. Although Peterson argues that Goldsby lunged at him in the parking lot, the argument is merely a request that we reweigh the evidence, which we cannot do. We conclude that the evidence was sufficient to rebut Peterson's self-defense claim. See, e.g., Wilson, 770 N.E.2d at 801 (holding that the evidence was sufficient to rebut the defendant's self-defense claim where he continued shooting after the victim had ceased firing and was attempting to leave the area).

9

## Conclusion

Peterson was not prejudiced by the self-defense jury instruction, and the State presented sufficient evidence to rebut his self-defense claim.  We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.