## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 18 2018, 8:55 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Ruth Johnson
Marion County Public Defender Agency
Indianapolis, Indiana

Karen Celestino-Horseman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jonathan J. Owens, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | January 18, 2018 <br><br> Court of Appeals Case No. 49A02-1707-CR-1564 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Shatrese M. Flowers, Judge The Honorable James Kevin Snyder, Commissioner <br><br> Trial Court Cause No. 49G20-1603-F2-11379 |

**Kirsch, Judge.**

Following a jury trial, Jonathan J. Owens ("Owens") was convicted of possession of cocaine[1] as a Level 4 felony. He was also found to be a habitual offender.[2] On appeal, he raises the following restated issues:

> I. Whether the evidence that he possessed cocaine was sufficient to sustain his conviction; and

> II. Whether the trial court erred in not declaring a mistrial because of the State's violation of a motion in limine.

We affirm.

## Facts and Procedural History

In March 2016, Owens lived in a boarding house on Concord Avenue in Indianapolis, Indiana. The boarding house had an unlocked entrance that led to a common area, off of which were individual, locked, sleeping rooms. Owens lived in one of the sleeping rooms.

On the morning of March 23, 2016, Detective Andrew Deddish ("Detective Deddish") of the Indianapolis Metropolitan Police Department ("IMPD") was conducting surveillance on the boarding house, to secure the premises for a search warrant that was to be executed on Owens' room later that day. Around 9:00 a.m., Detective Deddish saw Owens and a woman leave the boarding

---

[1] *See* Ind. Code § 35-48-4-6.

[2] *See* Ind. Code § 35-50-2-8.

house and enter a vehicle. Pursuant to a request from police, Owens headed to the IMPD station, where he was taken into custody and searched incident to the arrest. Police seized from Owens the key to his room and took it to Detective Deddish who, with a second officer, opened Owens' room and searched it.

[5] Owens' room was small and cluttered, and during the search, police found a plastic chewing-gum container, which held a plastic bag containing 13.41 grams of crack cocaine. An electronic scale with visible cocaine residue as well as a box of plastic sandwich bags were also found in the room in plain view. Inside a pocket of a "denim type man's coat," Detective Deddish found $190 in cash. *Tr. Vol. 2* at 87. The State charged Owens with Level 2 felony dealing in cocaine and Level 4 felony possession of cocaine. Thereafter, the trial court granted the State's motion to amend the information to add a habitual offender allegation.

[6] Before trial, Owens filed a motion in limine to prevent any mention of the fact that he was on parole at the time the police searched his room. The trial court granted that motion. During trial, Detective Deddish was asked what he did after he saw Owens and his companion leave the boarding house. Detective Deddish responded, "I continued to do surveillance on that location until I learned through the radio from Detective Thomas that defendant had arrived at roll call and that he was in custody there with parole." *Id.* at 73. Defense counsel did not object; however, prosecutor Jon McDonald ("McDonald") asked to approach the bench. There, defense counsel Josh Puryear ("Puryear")

said, "Obviously, that wasn't supposed to happen." *Id*. Citing the motion in limine, Puryear moved for a mistrial. McDonald asked, instead, for a limiting instruction and an admonishment to the jury. *Id*. at 73-74.

[7] Outside the jury's presence, the trial court made a record of the parties' arguments regarding the need for a mistrial. When asked about his testimony, Detective Deddish said he testified that "the Defendant had met with Parole at the Southwest District roll call." *Id*. at 75. When the trial court commented that defense counsel had not objected to the testimony, Puryear said he did not immediately object because he did not want to "draw up too much attention to it." *Id*. Believing that Detective Deddish's testimony "invited too much speculation" on the part of the jury and could not be cured by an admonishment, Puryear repeated his request for a mistrial. *Id*. The trial court denied that motion, but granted defendant's request that the testimony be stricken from the record. The trial court admonished the jury to disregard that testimony. *Id*. at 80-81.

[8] The jury trial continued, and Owens was found guilty of Level 4 felony possession of cocaine, but not guilty of dealing in cocaine. Owens waived his right to a jury trial on the habitual offender allegation and admitted to being a habitual offender. The trial court sentenced Owens to nine years for the possession conviction and enhanced that sentence by six years for the habitual finding. Owens now appeals.

# Discussion and Decision

## I.    Sufficient Evidence

[9]    Owens argues that there was insufficient evidence that he possessed the cocaine found in his room.  The deferential standard of review for sufficiency claims is well settled.  When we review the sufficiency of evidence to support a conviction, we do not reweigh the evidence or assess the credibility of the witnesses.  *Wilson v. State*, 39 N.E.3d 705, 716 (Ind. Ct. App. 2015), *trans. denied*.  We consider only the evidence most favorable to the verdict and the reasonable inferences that can be drawn from that evidence.  *Id*.  We will not disturb the jury's verdict if there is substantial evidence of probative value to support it.  *Fuentes v. State*, 10 N.E.3d 68, 75 (Ind. Ct. App. 2014), *trans. denied*.  We will affirm unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt.  *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012).  As the reviewing court, we respect "the jury's exclusive province to weigh conflicting evidence."  *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005).  It is not necessary that the evidence overcome every reasonable hypothesis of innocence.  *Wilson*, 39 N.E.3d at 716.  The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.  *Id*.  A conviction may be based upon circumstantial evidence alone.  *Id*.

[10]    To convict Owens, the State was required to prove beyond a reasonable doubt that he possessed cocaine.  *See* Ind. Code § 35-48-4-6.  Owens contends that the evidence was insufficient to prove he had possession of the cocaine that was found in his room.  *Appellant's Br*. at 8-9.  Actual possession of contraband

occurs when a person has direct physical control over the item. *Gee v. State*, 810 N.E.2d 338, 340 (Ind. 2004). Here, Owens was not present when the police seized the cocaine, and thus, he did not have actual possession of the drugs. However, possession of cocaine can also be proven under the theory of constructive possession. *Id.*

[11] "A defendant is in the constructive possession of drugs when the State shows that the defendant has both (i) the intent to maintain dominion and control over the drugs and (ii) the capability to maintain dominion and control over the drugs." *Id.* "'Control in this sense concerns the defendant's relation to the place where the substance is found: whether the defendant has the power, by way of legal authority or in a practical sense, to control the place where, or the item in which, the substance is found.'" *Allen v. State*, 787 N.E.2d 473, 482 (Ind. Ct. App. 2003) (quoting *Martin v. State*, 175 Ind. App. 503, 507, 372 N.E.2d 1194, 1197 (1978)), *trans. denied*. In this case, the State presented evidence that Owens had a key to the room where the drugs were located, and his companion did not have a key. In addition, without qualification, Owens stipulated that he did "reside and live" in the room. *Appellant's Br.* at 10 (citing *State's Ex.* 9). Once the State shows that a defendant has a possessory interest in the premises where a seized item is found, the jury may infer that the defendant had the capacity to maintain dominion and control, regardless of whether the possessory interest was exclusive. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011) (citing *Gee*, 810 N.E.2d at 340).

[12] As to the intent to maintain control, if possession of the premises is exclusive, the jury may also infer this prong of the constructive-possession analysis. *Id.* But, if the possessory interest is not exclusive, as Owens contends, the State must show some additional evidence to show the defendant's intent. *Id.* at 174-75. This evidence can include any statement of the defendant; furtive gestures or fleeing; whether the contraband was found in a manufacturing setting; the location of the contraband relative to the defendant; whether the contraband was found in plain view; and any mingling of contraband with a defendant's other property. *Id.* at 175.

[13] Here, it would have been reasonable for the jury to infer that Owens had the intent to maintain dominion and control over the drugs and the capability to maintain dominion and control over the drugs, given that he admitted he lived in the room, he had the only key to it, a scale for drugs was found in plain view, and the drugs were found close by the scales. We find sufficient evidence was presented to support Owens' conviction for possession of cocaine.

## II. Mistrial

[14] Owens next contends that the trial court erred when it denied his motion for a mistrial on the grounds that the State had violated the motion in limine pertaining to his being a parolee. "Because the trial court is best positioned to assess the circumstances of an error and its probable impact on the jury, '[t]he denial of a mistrial lies within the sound discretion of the trial court,' and [an appellate court] reviews only for abuse of that discretion." *Lucio v. State*, 907

N.E.2d 1008, 1010 (Ind. 2009) (quoting *Gill v. State*, 730 N.E.2d 709, 712 (Ind. 2000)). "We afford the trial court such deference on appeal because the trial court is in the best position to evaluate the relevant circumstances of an event and its impact on the jury." *Stokes v. State*, 919 N.E.2d 1240, 1243 (Ind. Ct. App. 2010)*, trans. denied*. To prevail on appeal from the denial of a motion for a mistrial, "[T]he appellant must demonstrate the statement or conduct in question was so prejudicial and inflammatory that he was placed in a position of grave peril to which he should not have been subjected." *Id*. "We determine the gravity of the peril based upon the probable persuasive effect of the misconduct on the jury's decision rather than upon the degree of impropriety of the conduct." *Id*.

[15] The trial court granted Owens' motion in limine to prevent the State from introducing evidence that Owens was on parole at the time of the search of his room, which resulted in police finding cocaine. When asked what he did after Owens and his companion left the boarding house, Detective Deddish responded, "I continued to do surveillance on that location until I learned through the radio from Detective Thomas that defendant had arrived at roll call and that he was in custody there with parole." *Tr. Vol 2* at 73. Defense counsel did not immediately object. Instead, an attorney for the State asked if counsel could approach the bench. The trial court excused the jury, defense counsel asked for a mistrial, and the parties presented their arguments.

[16] The trial court denied Owens' request for a mistrial and admonished the jury, saying:

Alright, ladies and gentlemen, hope you had a good break. Prior to the break Detective Deddish was testifying on direct examination. Part of that testimony indicated that the defendant was put in touch with parole. That evidence has since been stricken from the record. And, what that means for you, is in Preliminary Instruction Number 10, as it was read, it states that occasionally the court may strike evidence from the record after you've already seen or heard it. You must not consider such evidence in making your decision. And, what that means for you is, that part that has been stricken from the record cannot be used during any of your thought or deliberation during the trial of this case. You may only consider that evidence which you heard, and has been admitted into court. So, that statement has not been admitted into court, and you may not use it or consider it for any reason, alright? Alright.

*Id.* at 82. Owens contends that this was not a proper admonishment because the trial court characterized Detective Deddish as having said, "defendant was put in touch with parole," when the transcript reflects that he said, "defendant had arrived at roll call and that he was in custody there with parole." *Appellant's Br*. at 13-14 (citing *Tr. Vol 2* at 73, 83).

[17] A mistrial is an extreme sanction warranted only when no other cure can be expected to rectify the situation. *Stokes*, 919 N.E.2d at 1243. Reversible error is seldom found when the trial court has admonished the jury to disregard a statement made during the proceedings because a timely and accurate admonition to the jury is presumed to sufficiently protect a defendant's rights and remove any error created by the objectionable statement. *Id*. Here, the trial court struck from the record Detective Deddish's testimony pertaining to parole and admonished the jury to disregard that evidence. Owens contends that the

trial court "admonished the jury to disregard a statement never made by Detective Deddish." *Appellant's Br.* at 13. We disagree, but even if the trial court did so, Owens has failed to show that Detective Deddish's statement placed him in grave peril. Indeed, the jury acquitted him of the more serious Level 2 felony dealing in cocaine charge. The trial court did not abuse its discretion when it denied Owens' request for mistrial.

[18]	Affirmed.

[19]	Bailey, J., and Pyle, J., concur.