ATTORNEY FOR APPELLANT
Jeffrey A. Baldwin
Baldwin, Dakich & Maxwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana



# In the
# Indiana Supreme Court

No. 49S04-1009-CR-499

NOE ROMO,                                          *Appellant (Defendant below),*

v.

STATE OF INDIANA,                                  *Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49G20-0801-FA-21754
The Honorable Steven Eichholtz, Judge

On Transfer from the Indiana Court of Appeals, No. 49A04-1003-CR-143

**February 9, 2011**

**Dickson, Justice.**

In the defendant's trial on three counts of Dealing in Cocaine or Narcotic Drugs, a class A felony, the evidence included an English language translation transcript of clandestinely recorded conversations in Spanish between the defendant and a police informant during the commission of the offenses. The jury found the defendant guilty on all charges, and the trial court entered judgment and sentenced accordingly. The Indiana Court of Appeals affirmed. Romo v. State, 929 N.E.2d 805 (Ind. Ct. App. 2010). We granted transfer and now affirm the convictions, holding that written English translations of foreign language recordings may be admitted as substantive evidence and that the recordings themselves generally should be admitted and played as

well, but that, under the circumstances presented here, the failure to play the Spanish recordings is not reversible error.

In appealing his convictions, the defendant has presented three claims: (1) error in admitting the transcripts of the audio tapes; (2) failure to establish the accuracy of the translation of the transcripts; and (3) error in allowing a police detective to give opinion testimony without a proper foundation. On transfer, we address only the first claim. With respect to the other issues, we summarily affirm the decision of the Court of Appeals.[1] As to the first issue, the defendant asserts on appeal that the trial court erred in admitting the transcripts into evidence as an exhibit instead of as an aid to the audio recording. He argues that transcripts of audio recordings may serve only as an aid to the jury in interpreting an audio recording, and that because the Spanish-language audio recordings were not played for the jury, the English translation transcripts served no proper function and were therefore improperly admitted as evidence. The focus of the defendant's claim both at trial and on appeal is that the transcripts were erroneously admitted in evidence, not an assertion of error in the failure to play the Spanish-language recordings to the jury.

At trial, when the State offered the translation transcripts into evidence, the defendant made several unsuccessful objections.[2] After the court overruled the objections and ordered twelve copies made for the jurors, the prosecutor inquired whether the audio recordings would be played and indicated that the State "had envisioned playing the audio recordings so that the jury could hear kind of the tone of the conversation." Tr. at 367. The trial court ruled that the recordings, being in Spanish, would not be played.[3] In the ensuing colloquy, when the trial court invited counsel to "tell me the point of playing the Spanish audio," the defense replied, "No. I don't see any point. I understand it's a unique situation." *Id.* at 370. But defendant's counsel at this

---

[1] Ind. Appellate Rule 58(A)(2).

[2] The defense objections included (1) hearsay, citing Indiana Evidence Rule 803(8)(a) and (b), asserting that the transcripts were akin to police reports and not within the hearsay exception for public records and reports, Tr. at 264, 350; (2) improper evidence of other crimes or wrongs under Evidence Rule 404(b), *id.* at 350; (3) hearsay within hearsay, *id.*; (4) improper conclusory evidence, *id.*; and (5) unnecessarily cumulative evidence, *id.* at 363. The defendant's appeal does not challenge any of the trial court's rulings on these objections.

[3] The audio recordings, identified as State's Exhibits 28, 29, and 30, were admitted in evidence but not played to the jury. Tr. at 383–84.

time did raise an additional objection to the admission of the transcripts—that transcripts can be used only to assist in the jury's understanding of the audiotapes, and thus, without the audio being played, there is no proper reason for the admission of the transcripts. *Id.* at 368–70. This issue, raised by objection at trial and now presented on appeal, challenges only the admission of the translated transcripts and does not dispute the trial court's refusal to play the audio recordings to the jury.

The defendant's three convictions arise from incidents on May 10, May 16, and August 6 in 2007. A confidential informant (CI) assisted the Indianapolis Metropolitan Police Department (IMPD) in conducting covert narcotics transactions with the defendant. Three transactions were recorded using police video surveillance and police-issued audio recording equipment worn by the CI. In the course of the three transactions, the defendant sold an aggregate total of about four ounces of cocaine to the CI for a total of $4,000. All of the communications between the CI and the defendant were in Spanish. It was the defendant's conduct during these transactions for which the State charged the defendant with three counts of Dealing in Cocaine, a class A felony. The audio recordings of the transactions made by the CI were transcribed into an English translation by Elia James, a bilingual specialist with the IMPD. The transcripts were also repeatedly reviewed and compared with the original audio by the CI; by bilingual IMPD Detective Jesus Soria, whose native language is Spanish; and by Azalea DeFord, a translator for the Marion County Prosecutor's Office and a Certified Indiana Court Interpreter. In advance of the trial, the State provided the audio recordings and the transcripts to the defense.

The Indiana Rules of Evidence do not explicitly address the admissibility of written translations, but Evidence Rule 1002 states, "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute." Exceptions are listed in Evidence Rule 1004, but they do not provide any authorization to use transcripts in place of original recordings. Following the codification of Indiana evidence law with the adoption of the Rules of Evidence, which became effective January 1, 1994, this Court has considered the admissibility of transcripts of recorded statements in three cases.

In <u>Small v. State</u>, 736 N.E.2d 742 (Ind. 2000), the defendant claimed error in admitting and providing the jury with copies of transcripts of the defendant's recorded statement to police. This Court noted prior case law to the effect that a transcript normally should be used "only to assist the jury as it listens to the tape," but that there may be a need for transcripts due to "inaudibility of portions of the tape," and that the jury should be instructed to "rely on what they hear rather than on what they read when there is a difference." *Id.* at 748. We held that the trial court erred "in admitting the transcript as an exhibit as opposed to serving only as an aid to the jury in interpreting inaudible or indistinct portions of the tape-recorded statement." *Id.* at 749. But we declined to reverse because, in light of the other evidence, the erroneous admission did not prejudice the defendant's substantial rights. *Id.* A similar analysis and result is found in <u>Tobar v. State</u>, 740 N.E.2d 106 (Ind. 2000), in which the trial court had admitted into evidence the defendant's two videotaped statements to authorities and transcripts of such video. Applying <u>Small</u>, we determined that it was erroneous "for the transcript to be admitted as an exhibit as opposed to its use purely as an aid in understanding inaudible portions of the recorded statement," but we affirmed, finding that such error did not affect the defendant's substantial rights. *Id.* at 108. We likewise applied <u>Small</u> and <u>Tobar</u> in <u>Roby v. State</u>, 742 N.E.2d 505 (Ind. 2001), to find harmless error in the admission of a recording transcript but noted that "here, the State does not contend that the transcript was necessary to clarify indistinct dialogue on the videotape." *Id.* at 508.

Although <u>Small</u>, <u>Tobar</u>, and <u>Roby</u> view the function of transcripts of recordings purely as an aid to assist a jury's understanding of the actual recording, and Evidence Rule 1002 requires the original of a recording, if available, to be submitted in evidence as proof of the contents of the recording, both <u>Small</u> and <u>Roby</u> leave open the possibility of a more robust role for transcripts where the recording is inaudible or indistinct. For juries without appropriate foreign language comprehension,[4] audio recordings of foreign language speakers may fall into this category and require special consideration. This issue has received some attention in the federal courts.

In a case with significant similarities to the present one, the Seventh Circuit found it permissible for a trial court to admit English translations of conversations recorded in Spanish with-

---

[4] We find nothing in the record indicating that any of the jurors were questioned about their ability to understand Spanish. There is no evidence that any member of the jury understood a language other than English.

out playing the Spanish recordings to the jury. United States v. Estrada, 256 F.3d 466 (7th Cir. 2001). Finding the district court's refusal to allow the Spanish tapes to be played was not an abuse of discretion, the court observed, "[I]t becomes apparent that the district court saw no value in allowing a presumably English speaking jury to hear tapes that were recorded in Spanish. It is difficult to second-guess such a decision." *Id.* at 473. We note that the issue in Estrada, the trial court's refusal to play the Spanish recordings, is not presented in the present case, which challenges the trial court's admission of the English translation transcripts, without playing the Spanish recordings to the jury, as substantive evidence rather than merely as an aid to assist the jury's understanding of the actual recordings.

The Fifth Circuit has expressly allowed a transcript of a taped conversation to be admitted as substantive evidence, United States v. Onori, 535 F.2d 938 (5th Cir. 1976), and further has held that "an English translation transcript can be introduced into evidence without admitting or playing the underlying foreign language tape for the jury," United States v. Valencia, 957 F.2d 1189, 1194 (5th Cir. 1992), *overruled on other grounds.* As to whether the trial court erred in refusing the defendant's request to play the Spanish recording to the jury, the Valencia court found this to be entirely within the trial court's discretion but observed "one could plausibly argue that the better, more consistent approach would have been to have the jury listen to the tape, just as the jury listened to the Spanish speaking witness." *Id.* at 1196. Citing Valencia, the Eighth Circuit likewise found no abuse of discretion in a trial court's admission into evidence only the English translation transcripts of Spanish recordings. United States v. Grajales-Montoya, 117 F.3d 356, 367 (8th Cir. 1997). And more recently, it approved a trial court instruction advising the jury that "[w]here the discussions were in English, transcripts are not evidence. On the other hand, where the discussions were in Spanish, transcripts of the discussions as translated into English are evidence, and you may consider those transcripts like any other evidence during your deliberations." United States v. Placensia, 352 F.3d 1157, 1165 (8th Cir. 2003).

The issue in the present appeal is essentially whether the trial court committed reversible error by admitting into evidence as substantive evidence the three translation transcripts of the Spanish recordings.

5

The general requirement of Evidence Rule 1002 is that, to prove the content of a recording, the original recording is required. Here, under the reasonable assumption that the jury did not comprehend Spanish, the original recording, being solely in Spanish, would not likely convey to the jury the content of the recorded conversations. Applying the rule to limit the evidence of content to the original Spanish recordings would not serve the purpose of the rule because it could not prove any content to the jury. We thus hold that the admission into evidence of foreign language translation transcripts is not governed by Evidence Rule 1002. There remains, however, the existing precedent of this Court noted in Small, Tobar, and Roby, each of which found trial court error in admitting a transcript as substantive evidence as opposed to admitting it as an aid to the jury in interpreting a recorded statement. But none of these cases involved a translation transcript of a statement recorded in a foreign language. In such circumstances, it is the English language transcript, not the foreign language recording, that will be the overwhelming, if not exclusive, source of relevant, probative evidence. Refusing to consider such translation transcripts as substantive evidence is contrary to the aspiration of the Indiana Rules of Evidence favoring "promotion of growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." Ind. Evid. R. 102. We hold that English language translation transcripts of statements recorded in a foreign language, if otherwise admissible, may properly be considered as substantive evidence.

Although the defendant does not here focus on the trial court's refusal to play the Spanish recordings, in the exercise of our general supervisory authority, we determine that it is generally the better practice to play such foreign language recordings to the jury upon a reasonable request by a party. Expediency undoubtedly results when a jury is spared from listening to foreign-language recordings, and practical usefulness is served by providing them instead with reliable English translations or translation transcripts. But we value even higher the capacity of jurors to apply their sensing and intuition faculties in reaching their determinations. Some of our federal colleagues have expressed reservations about the ability of a jury fluent in only English to meaningfully and reliably interpret oral demeanor, tone, inflection, hesitation, enthusiasm, reluctance, submission, etc. *See, e.g.*, Grajales-Montoya, 117 F.3d at 367 ("[The defendant] has suggested no reliable means of enabling people who do not speak Spanish to interpret inflections

6

and tone, and we cannot think of any, either."); <u>Estrada</u>, 256 F.3d at 473 ("Understandably, the district court may have doubted whether a jury not proficient in Spanish would be able to properly comprehend from the tapes an individual's tone or inflection."). We are not persuaded that such discernable clues regarding demeanor, which could be significant in individual cases, are necessarily impervious to listeners who do not comprehend the language spoken. This consideration would be particularly relevant if we were considering a video recording of statements made in a foreign language. Upon request of a party, a trial court should play for the jury such recording, if otherwise admissible. A refusal to do so will be reviewed on appeal for abuse of discretion, including a consideration of the nature of the request and the proffered reasons for playing the recording. No abuse of discretion will result where, as here, the defendant not only fails to support such request with reasons why playing the recording would provide discernable, relevant evidence but also concedes to the trial court that he doesn't "see any point" in playing the Spanish audio. Tr. at 370.

The trial court did not err in admitting the translation transcripts. Having summarily affirmed the Court of Appeals on all other issues, the judgment of the trial court is affirmed.

Shepard, C.J., and Sullivan, Rucker, and David, JJ., concur.

7