**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOEL M. SCHUMM**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANGELA N. SANCHEZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| WILEY PARSONS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No.  49A05-1401-CR-33 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley Kroh, Commissioner
Cause No. 49G03-1303-FC-20103

**December 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

STATEMENT OF THE CASE

Wiley Parsons ("Parsons") appeals his conviction, after a jury trial, for promoting prostitution, a Class C felony.[1]  On appeal, Parsons claims that the trial court committed reversible error by limiting the extent of his cross-examination regarding the benefit a State's witness received for her testimony.  Parsons further claims that the trial court should have required the State to play an audio recording of the statement he gave to detectives instead of allowing the detective to testify as to what Parsons said.  Concluding that the trial court did not abuse its discretion in limiting Parsons's cross-examination and that Parsons's statements, through the detective's first-hand recollection, were competent, admissible evidence, we affirm Parsons's conviction.

We affirm.

ISSUES

1. Whether the trial court abused its discretion by limiting Parsons's cross-examination.

2. Whether the trial court should have required the State to play the audio recording of Parsons's statement.

FACTS

On March 26, 2013, Detective Josh Shaughnessy ("Detective Shaughnessy") of the Indianapolis Metropolitan Police Department vice unit was reviewing a website for escort or other prostitution-related advertisements.  Detective Shaughnessy found an

---

[1] IND. CODE § 35-45-4-4.  We note that, effective July 1, 2014, a new version of this promoting prostitution statute was enacted and that Class C felony promoting prostitution is now a Level 5 felony.  Because Parsons committed this offense in 2013, we will apply the statute in effect at that time.

advertisement created by Melissa Houpt ("Houpt") stating the following: "Young virginal [sic] american natura 1 [sic] lbeautiful [sic] blonde. Long leg gorgeous sexual dynamo. Practitioner of the arts. Pleasure GUARANTEED[.]" (State's Ex. 1). The advertisement also contained a photograph of Houpt. Detective Shaughnessy called the number on the advertisement, spoke with Houpt, and arranged to meet in a hotel room on the eastside of Indianapolis. Detective Shaughnessy, along with several backup officers, went to the hotel dressed in plain clothes.

Detective Shaughnessy arrived at the room, knocked on the door, and confirmed that Houpt was the woman he saw in the advertisement. As they were speaking, Houpt was also talking on a cell phone. Meanwhile, Parsons was pacing back and forth in the hallway outside the room and speaking on a cell phone. One of the backup officers heard Parsons say, "the black guy in a Camo jacket and the white guy wearing a black North Face jacket are cops." (Tr. 94). Parsons's description matched Detective Shaughnessy and one of the backup officers. When the backup officers walked down the hallway, Houpt ran from the room. Parsons made eye contact with the backup officers and then walked away.

The backup officers identified themselves as the police, but Parsons continued to quickly walk away. The officers followed him and ordered Parsons to stop. The backup officers eventually caught up to Parsons and placed him in handcuffs. While at the hotel, Detective Shaughnessy advised Parsons of his *Miranda* rights. Parsons waived his rights and agreed to speak to the detective. During a recorded interview, Parsons told Detective Shaughnessy that he had rented the hotel room primarily for Houpt's use, that he suspected that Houpt was engaged in prostitution, and that he had provided protection for her.

3

Parsons also said that he had slept in the hotel room the night before in between "tricks," a common slang term for acts of prostitution. (Tr. 158-59). He admitted that Houpt gave him items of monetary value and claimed that this was a "one-girl operation" and not part of a broader criminal enterprise. (Tr. 167).

Parsons signed a consent to search his cell phone, and Detective Shaughnessy found pictures of Houpt and text messages between the two on March 25 and 26. Detective Shaughnessy opened the web browser on Parsons's phone and it immediately showed Houpt's advertisement.

On March 28, 2013, the State charged Parsons with promoting prostitution as a Class C felony. A jury trial was held on December 11, 2013. At trial, and after the State granted her use immunity, Houpt testified that Parsons had helped her choose the wording for her advertisement and that its purpose was to solicit clients for prostitution. Further, she stated that on more than one occasion, Parsons had rented a room for her, acted as a lookout, and received a share of the money.

On cross-examination, Houpt admitted that the State was not going to charge her with misdemeanor prostitution and acknowledged that prostitution could be charged as a felony. Parsons's counsel then asked Houpt if a current charge would have resulted in her second conviction, and the State objected. At the bench, the following sidebar occurred:

> Prosecutor: Prostitution is not an Ashton [offense].[2] It cannot be brought up and it's misleading. You have to have two prior convictions in order for this to be a felony and you cannot bring it up.

---

[2] Ashton offense refers to our Supreme Court's decision in *Ashton v. Anderson*, 258 Ind. 51, 279 N.E.2d 210 (Ind. 1972) listing the crimes that can be used to impeach the credibility of a witness. *See also* Ind. Evidence Rule 609.

4

The Court: Okay.

Defense Counsel: I have to point out that this will be her second arrest and the next time she can be charged—

The Court: I would tend to agree that—I mean the bias you're looking to bring out is what—that's [sic] she being offered immunity or not charged. And this arrest would make it a felony, correct?

Defense Counsel: It certainly would the next time around.

The Court: Well I don't think we're at that point now so the Court is sustaining the objection.

\* \* \* \* \*

Defense Counsel: And I don't think I'm able at this point to thoroughly explore the benefit of her not being charged. That's the thing. The benefits that she doesn't have, the prior misdemeanors which may (inaudible). I mean, that's what I can't do is let the jury know that this was important and it has value and on her criminal history (inaudible).

Prosecutor: According to the rule she should not have even brought up the first one. It should not be involved. This is only about this incident. It's not an Ashton. It was not brought to the Court at the time, there was no hearing on this.

Defense Counsel: Your Honor, I'm not limited and it is admitted for impeachment purpose [sic].

The Court: Right, I understand it's for impeachment but—

Defense Counsel: (Inaudible) the magnitude of the break that she got because she was not charged and it's not—

The Court: Well that's assuming that a future event that we don't know it's [sic] going to happen or not. I mean, as she sits right here—

Prosecutor: It was a misdemeanor.

The Court: Yeah. The Court is sustaining the objection. I think Ron's got everything on the record here.

5

(Tr. 101-04).

After Houpt completed her testimony, the State called Detective Shaughnessy. Rather than playing the audio recording of Detective Shaughnessy's interview with Parsons, the State opted to have the detective testify about the interview from his own recollection. Parsons objected, stating that "the paraphrasing of his statements, anything other than the recorded word is inadmissible under the Rules of Evidence and I think it allows [the detective] to take too many liberties." (Tr. 138). The trial court overruled the objection and allowed the testimony.

After considering the evidence, the jury convicted Parsons of promoting prostitution. Parsons was subsequently sentenced to a six (6) year term, with three (3) years executed in Community Corrections on work release, and three (3) years suspended. Parsons now appeals.

## DECISION

Parsons argues that the trial court violated his Sixth Amendment right to confront witnesses against him. Specifically, he contends that the trial court should have allowed inquiry into the severity of the charge Houpt may have faced for a subsequent charge of prostitution. Parsons's further claims that the trial court should have required the State to play the audio recording of his statement to Detective Shaughnessy instead of allowing the detective to testify about the statement from his own recollection. We address each argument in turn.

1. Limiting Cross-Examination

6

The Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." The Sixth Amendment right to confrontation is made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 406 (1965). "The Confrontation Clause of the Sixth Amendment has long been read as securing an adequate opportunity to cross-examine adverse witnesses." *Jarrell v. State*, 852 N.E.2d 1022, 1027 (Ind. Ct. App. 2006). The right is normally satisfied when defense counsel is given wide latitude to question witnesses. *Id*. For example, a defendant must be afforded the opportunity to question an adverse witness concerning their memory of events, poor eyesight, lack of care or attentiveness, or bias. *Id*.

The exposure of a witness's bias or motivation in testifying is a proper and important function of the constitutionally-protected right to cross-examination. *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). This is because:

> [a]n accomplice who turns "state's evidence" and agrees to "cooperate" with the State in consideration of leniency or the dismissal of charges by the State, to be realistic, is being bribed, regardless of the fact that public policy has approved such action in the interest of effective law enforcement. It does not necessarily follow that because of inducements offered to the accomplice his testimony is false. It is, however, highly suspect. Because of the pressure of such undue influence upon the witness in such cases the jury should have the evidence relating thereto. Such type of influence naturally impairs the credibility of such a witness.

*Newman v. State*, 334 N.E.2d 684, 686–87 (Ind. 1975). Further, the Indiana Supreme Court has stated that:

> [S]ignificant harm results when the jury is prevented from learning the extent of benefit received by a witness in exchange for his testimony. It would be obviously relevant and proper for a jury to consider the amount of

7

> compensation a witness expects to receive for his testimony. It is equally proper for this jury to know the quantity of benefit to accusing witnesses. It is quite relevant whether they are thereby avoiding imprisonment of ten days, ten weeks, or ten years.

*Jarret v. State*, 498 N.E.2d 967, 968 (Ind. 1986).

While the above considerations are paramount to a defendant's right to cross examine witnesses against him, "'trial judges retain wide latitude . . . to impose reasonable limits . . . based on concerns about, among other things, harassment, prejudice, confusion of issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" *Marcum v. State*, 725 N.E.2d 852, 860 (Ind. 2000) (quoting *Van Arsdall*, 475 U.S. at 679). Accordingly, we review the trial court's decision in Parsons's trial for an abuse of discretion, which occurs when "the trial court controls the scope of cross-examination to the extent that a restriction substantially affects the defendant's rights." *Washington v. State*, 840 N.E.2d 873, 886 (Ind. Ct. App. 2006) *trans. denied.*

Our Supreme Court has held that "it is not an abuse of discretion for a trial court to so limit cross-examination of a State's witness where his [or her] testimony was not part of a plea bargain and the jury was apprised of the circumstances surrounding the testimony." *Wolfe v. State*, 562 N.E.2d 414, 420 (Ind. 1990) (citing *Fassoth v. State*, 525 N.E.2d 318, 322 (Ind. 1988)). Here, Houpt was not charged with prostitution and testified under a grant of use immunity. In addition, Houpt informed the jury that she would have been charged with a misdemeanor and that prostitution could be charged as a felony. However, Parsons sought to go further by informing the jury about the potential benefits Houpt may receive in the future for conduct the had not even occurred. Specifically,

8

Parsons wanted the jury to know that Houpt *would* have faced a felony charge for prostitution had she been charged and convicted for the events in question and, thereafter, committed another act of prostitution. The trial court was correct in preventing Parsons from doing so because we read *Jarret* as requiring disclosure of the *current* benefit a witness receives in exchange for their testimony, not for crimes that have not and may not even occur. *See Jarret*, 498 N.E.2d at 968. ("It is quite relevant whether they are thereby avoiding imprisonment of ten days, ten weeks, or ten years"). Here, Houpt only avoided a potential sentence of 365 days for prostitution as a Class A misdemeanor. Accordingly, the trial court did not abuse its discretion in limiting Parsons's cross-examination of Houpt. *See, e.g.*, *id.*

2. Parsons's Recorded Statement

At trial, Parsons argued that the trial court should have required the State to play his recorded statement because "the recording itself under [Ind. Evidence] Rule 1002[3] is the only competent evidence." (Tr. 138). On appeal, Parsons now argues, citing our Supreme Court's decision in *Romo v. State*, 941 N.E.2d 504 (Ind. 2011), that "under the Indiana Supreme Court's general supervisory authority, the trial court should have required the State to play the audio of his statement instead of allowing a second-hand account through a detective's testimony." (Parsons's Reply Br. 2).

We first note that in *Romo*, our Supreme Court exercised its supervisory authority to fill a gap in the Indiana Rules of Evidence dealing with foreign audio recordings

---

[3] Rule 1002 of the Indiana Rules of Evidence, also known as the best evidence rule, states in relevant part that, "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a statute provides otherwise.

translated and transcribed to English; it did not make a general pronouncement regarding the admissibility of statements. *See Romo*, 941 N.E.2d at 508. Further it is well-settled law in Indiana that a defendant may not argue one ground for objection at trial and then raise new grounds on appeal. *Gill v. State*, 730 N.E.2d 709, 711 (Ind. 2000). Because Parsons's objection at trial was based on the best evidence rule and not on *Romo*, he has waived this claim of error on appeal. *See id*.

Waiver notwithstanding, our Supreme Court addressed a similar best evidence objection in *Lopez v. State*, 527 N.E.2d 1119, 1125 (Ind. 1988). There, an officer was asked to describe his telephone conversations with a target of his investigation. *Id.* Lopez objected and claimed that the actual recording of the telephone call should have been played to prevent the officer from being selective in his testimony. *Id.* In finding the best evidence rule inapplicable, the Supreme Court stated that:

> [W]hen a witness has personal knowledge of the facts contained in the best evidence, the best evidence rule will not bar the witnesses' testimony since the witness is not being asked to reveal the contents of the best evidence, but rather is being asked to recall his own independent observations.

*Id.* The Court also noted that "an effective best evidence objection must identify an actual dispute over the accuracy of the secondary evidence. *Id*

In this case, the State asked Detective Shaughnessy to testify about his independent observations about Parsons's interview. In addition, Parsons has not identified any dispute concerning the accuracy of Detective Shaughnessy's testimony that would have prejudiced his substantial rights. As a result, the trial court did not err and we affirm Parsons's conviction.

Affirmed.

NAJAM, J., and BAILEY, J., concur.